IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GROT INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-1951C |
| v. | ) | (Judge Baskir) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies and alleges as follows.

The allegations contained in the introductory paragraph to the complaint constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

1. The allegations contained in paragraph 1 constitute plaintiff's characterization of its case and conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits the allegations contained in paragraph 3 to the extent supported by the cited contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 3.

4. Admits the allegations contained in the first sentence of paragraph 4 that the Notice to Proceed was received by Grot on February 1, 2002; admits the remaining allegations contained in the first sentence of paragraph 4 to the extent supported by the cited Notice to Proceed and contract, which are the best evidence of their contents; otherwise denies the remainder of the allegations contained in paragraph 4.

5. Admits the allegations contained in paragraph 5 to the extent that Mr. Mraz unilaterally extended the contract completion time to June 23, 2003; admits the remaining allegations contained in paragraph 5 to the extent supported by the cited November 4, 2002 letter, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 regarding the letters and e-mails Grot sent to Mr. Mraz and other VA personnel requesting information and attempting to provide an anticipated completion date to the extent supported by the documents cited, which are the best evidence

of their contents; otherwise denies those allegations contained in paragraph 6. Denies the remainder of the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the cited e-mail, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Denies the allegation contained in paragraph 9 that the "VA wrongfully terminated the contract for default." Admits the remaining allegations contained in paragraph 9 to the extent supported by the cited letter, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Denies.

11. Denies.

12. Denies.

13. Admits the allegations contained in paragraph 13 to the extent supported by the cited e-mail, which is the best evidence of its contents;

otherwise denies the allegations contained in paragraph 13.

14. Denies.

15. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 14, or to any relief whatsoever.

16. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Robert E. Kirschman, Jr. for Franklin E. White
FRANKLIN E. WHITE
Assistant Director

s/ Michael F. Bahler
MICHAEL F. BAHLER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-3020

Attorneys for Defendant

OF COUNSEL:

KENNETH MACKENZIE
Veterans Administration
Litigation Attorney

December 15, 2003

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 15 day of December, 2003, I caused to served by mail a copy of "DEFENDANT'S ANSWER," addressed as follows:

Andrew J. Kilpatrick, Jr.
Gore, Kilpatrick, Purdie, Mertz & Adcock, P.L.L.C.
Post Office Drawer 2900
Ridgeland, Mississippi 39158

____________________________________