IN THE UNITED STATES COURT OF FEDERAL CLAIMS

GROT INCORPORATED, )
)
Plaintiff, )
) No. 03-1951C
v. ) (Judge Baskir)
)
THE UNITED STATES, )
)
Defendant. )

<u>JOINT PRELIMINARY STATUS REPORT</u>

Pursuant to Rule 16 and Appendix A (II &III) of the Rules of the United States Court of Federal Claims, counsel for Plaintiff and Defendant submit the following joint preliminary status report.

(a) <u>Does the Court have jurisdiction over the action</u>?

Plaintiff believes that the Court has jurisdiction to hear and decide the action. Defendant anticipates filing a motion for partial dismissal for lack of jurisdiction. Specifically, Defendant plans to challenge whether Plaintiff ever presented a claim for monetary damages to the contracting officer.

(b) <u>Should the case be consolidated with any other case</u>?

The parties agree that this case should not be consolidated with any other case.

(c) <u>Should the trial of liability and damages be bifurcated and the reasons therefore</u>?

Assuming the case proceeds to trial, the parties agree that the issues

of liability and damages should be tried together.

(d) Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal and the reasons therefore?

The parties agree that this case should not be deferred pending resolution of any other cases.

(e) Will a remand or suspension be sought and the reasons therefore and the proposed duration?

Neither party seeks remand or suspension at this time.

(f) Will additional parties be joined?

Neither party intends to join additional parties at this time.

(g) Does either party intend to file a motion pursuant to Rule 12 (b), 12 (c) or 56?

Plaintiff does not intend to file a dispositive motion at this time. However, if, at the close of discovery or before, Plaintiff determines that it would be advisable to file a dispositive motion, the Court will be promptly notified. Defendant anticipates filing a partial motion to dismiss for lack of jurisdiction.

(h) What are the relevant, factual and legal issues?

As of the filing of this joint preliminary status report, the parties have identified the relevant, factual and legal issues as follows:

1. Whether the termination of the contract by the contracting officer was wrongful and an abuse of discretion.

2. Whether Plaintiff encountered differing site conditions, defective plans and specifications, extensive changes to the contract, failure of the contracting officer to timely respond to requests for information, or any Government action or inaction, any or all of which may have entitled Plaintiff to a time extension to its contract.

3. Whether Defendant wrongfully withheld progress payments from Plaintiff.

4. Whether Plaintiff could have completed construction of the project within the time remaining under the contract and any time extensions which should have been recognized by Defendant.

5. Whether the contracting officer properly considered all applicable Federal Acquisition Regulation and other governing statutes or rules prior to issuing the termination for default.

6. Whether the contracting officer unduly hindered, delayed or interfered with Plaintiff's performance of the contract.

7. Whether the termination of the contract was in bad faith.

8. The extent of the damages incurred by Plaintiff as a result of Defendant's actions.

(i) What is the likelihood of settlement? Is alternative dispute resolution contemplated?

At this time, the parties cannot state whether the case can be settled. After the completion of discovery and, if necessary, ruling(s) upon any subsequently filed dispositive motions, the parties will be in a better position to evaluate the likelihood of settlement.

j. Do the parties anticipate proceeding to trial? Does any party or do the parties jointly, request expedited trial scheduling?

The parties do not believe this case qualifies for expedited trial scheduling.

k. Are there special issues regarding electronic case management needs?

The parties are not currently aware of any special issues regarding electronic case management needs.

l. Is there other information of which the court should be aware at this time?

The parties are not currently aware of any other information which the Court should be aware of at this time.

m. Pursuant to Appendix A, ¶ 5, the parties submit the following proposed discovery plan?

(1) That all discovery be completed on or before December 31, 2004.

(2) That Plaintiff shall designate its expert, if any, and disclose any experts' report on or before September 30, 2004.

(3) That Defendant shall designate its expert, if any, and disclose any experts' report on or before October 31, 2004.

(4) That the parties shall conclude all depositions of expert witnesses on or before December 15, 2004.

Respectfully submitted,

GROT INCORPORATED
By: Andrew J. Kilpatrick
Andrew J. Kilpatrick, Jr. ID#656
Gore, Kilpatrick, Purdie, Metz &
Adcock, PLLC
Post Office Drawer 2900
Ridgeland, Mississippi 39158
Telephone: 601.957.1595
Facsimile: 601.899.9171
MSB #3763
Counsel for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Brian Simkin for Franklin E. White
FRANKLIN E. WHITE
Assistant Director

s/ Michael F. Bahler
MICHAEL F. BAHLER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-3020

OF COUNSEL:

KENNETH MACKENZIE
Veterans Administration
Litigation Attorney

January 30, 2004

Attorneys for Defendant