IN THE UNITED STATES COURT OF FEDERAL CLAIMS

GROT, INC., )
Plaintiff, )
v. ) No. 03-1951C (Judge Baskir)
THE UNITED STATES, )
Defendant. )

DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME

Pursuant to Rule 6(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests a 45-day enlargement of time, to and including February 2, 2005, within which to complete its discovery. In its March 11, 2004 order, the Court set December 31, 2004, as the current discovery deadline for this case. This is defendant's first request for an enlargement of time for this purpose and the undersigned indicated to the Court in the October 1, 2004 status report that an extension might be necessary. The plaintiff, through counsel, has been contacted by telephone regarding this request and opposes this motion.

The enlargement is necessary to allow the undersigned the time to review the documents produced by plaintiff, to depose three of plaintiff's

witnesses, Jerry Grot, Jon Evans, and Clyde Bell, and two employees of Siemens, who was Grot's subcontractor under the contract at issue and is now the contractor under a new contract to finish the fire alarm project.

This case was transferred to the undersigned on September 21, 2004. Since receiving this case the undersigned has worked diligently to adhere to the discovery plan set in this Court's March 11, 2004 order. Prior to the transfer of the case to the undersigned, the Government produced over seven volumes of documents in response to plaintiff's interrogatories and request for document production. Upon the transfer of this case, the undersigned undertook review of these documents in order to familiarize herself with the case and in preparation of defending the depositions of two Government witnesses from October 12 to October 15, 2004, in Dallas, Texas. On October 26, 2004, the undersigned served plaintiff with defendant's first set of interrogatories and request for document production. On November 24, 2004, the case processing unit of the Civil Division received plaintiff's response to defendant's first set of interrogatories and request for document production. The undersigned received plaintiff's response after the Thanksgiving holiday on November 29, 2004. At this time, plaintiff's counsel had already scheduled the

depositions of four additional Government witnesses from December 14 through December 16, 2004, in Dallas, Texas. The undersigned spent the two weeks between her receipt of plaintiff's discovery responses and the scheduled depositions preparing to defend depositions and beginning her review of plaintiff's documents. Additionally, during these depositions plaintiff's counsel requested that defendant produce further documents belonging to one of the Government witnesses. Thus, defendant has been engaging in and cooperating with plaintiff in furthering the discovery process in this case.

The undersigned is prepared to schedule depositions for the third week of January, 2005. She has discussed this with plaintiff's counsel and he has indicated that plaintiff's witnesses will be available at that time. Defendant does not anticipate that granting this extension will prejudice the plaintiff in any way. Currently, the Court has set no motion or trial schedule, so there is no danger of postponing a motion or trial schedule. The undersigned is confident that she can complete discovery within the period requested for this enlargement.

For the foregoing reasons, defendant respectfully requests that the Court grant this motion for an enlargement of time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/ Lindsay Williams
LINDSAY WILLIAMS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Phone: (202) 353-7995
Fax: (202) 514-8624

December 21, 2004

Attorneys for Defendant