**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**GROT, INCORPORATED,**

**Plaintiff,**

**v.** **No. 03-1951C**
**(Judge Baskir)**

**THE UNITED STATES OF AMERICA,**

**Defendant.**

**PLAINTIFF'S RESPONSE TO DEFENDANT'S CORRECTED MOTION FOR AN ENLARGEMENT OF TIME**

COMES NOW, Grot, Incorporated, Plaintiff, in opposition to Defendant's Corrected Motion for an Enlargement of Time and in support thereof would show as follows, to-wit:

1. The original complaint in this matter was filed with this Court on August 19, 2003 and arises out of an appeal of a final decision of a contracting officer dated August 7, 2003 wrongfully terminating for default Grot's contract with Defendant.

2. On or about January 30, 2004, the parties to this action filed

their Joint Preliminary Status Report recommending to the Court that all discovery be completed on or before December 31, 2004. Thereafter, on March 11, 2004, this Court entered its order confirming that all discovery shall be completed in this case on or before December 31, 2004.

3. Throughout the course of this action, Plaintiff has diligently proceeded with discovery through the filing of interrogatories and request for production of documents to the Defendant as well as subpoenaing records from Defendant's architect/engineer for design of the project in question. In addition, Plaintiff has conducted discovery with other parties connected with the project in question and has taken six (6) depositions all at considerable cost and expense to Plaintiff.

4. Throughout the course of discovery, Plaintiff has repeatedly advised Defendant's prior and current counsel of the compelling need to proceed in this matter in that the termination for default has created severe financial hardship on Plaintiff by virtue of Plaintiff's inability to obtain bonding capacity in amounts sufficient to maintain its business activity at levels equal to that prior to the termination for default and, repeatedly advised counsel of Plaintiff's willingness to make its personnel available for depositions and discovery so as to expedite proceedings in this case.

5. Current counsel entered her appearance in this case on September 21, 2004 and on October 21, 2004 submitted Defendant's First Set of Interrogatories and Request for Document Production. While admittedly not the fault of current counsel, this service represented the first discovery conducted by Defendant in over eight and one-half months since entry of the Joint Preliminary Status Report. Plaintiff responded to the interrogatories and request for document production on November 18, 2004 and provided Plaintiff's answers to the discovery and a complete copy of all documents Plaintiff believed responsive to the request for production.

6. By agreement with counsel for Defendant, Plaintiff conducted certain depositions during the week of December 13th. In arranging those depositions, Plaintiff confirmed that it was willing to make available individuals for depositions by Defendant during that same time frame. In addition, counsel for Plaintiff indicated to counsel for Defendant that Plaintiff would make available the deponents the week of December 27th so as to complete that discovery by the discovery deadline. Defendant's counsel indicated that she was unable to prepare in time to conduct the depositions and that Defendant would be seeking an extension of time within which to complete discovery.

7. Plaintiff opposes the granting of the additional time in that there has been adequate time for discovery which Defendant through prior counsel has squandered. The extension of time will undoubtedly delay further proceedings in this matter thereby causing further financial hardship to Plaintiff. Thus, Plaintiff cannot consent to any extension of time in this matter.

8. For the record, Plaintiff's counsel will concede that current counsel for Defendant has attempted to conduct discovery within the time that she has been involved in this case and it is not her fault that discovery has not been completed given the relatively short period of her involvement. Notwithstanding, Defendant should be held to the actions of i's prior counsel in failing to even initiate discovery within the time available to it thereby causing delay in this proceeding and additional financial hardship to Plaintiff.

WHEREFORE, PREMISES CONSIDERED Grot, Incorporated requests this Court deny Defendant's Corrected Motion for an Enlargement of Time.

Respectfully submitted,

GROT INCORPORATED

By: s/ Andrew J. Kilpatrick, Jr.

Andrew J. Kilpatrick, Jr.
Id#656
Gore, Kilpatrick, Purdie, Metz &
Adcock, PLLC
Post Office Drawer 2900
Ridgeland, Ms. 39158-2900
Tele: 601.957.1595
Fax: 601.899.9171
MS. Bar# 3763

DATED: December 28, 2004

Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I, Andrew J. Kilpatrick, Jr., do hereby certify that I have this day

mailed via United States Mail and true and correct copy of the above and foregoing Plaintiff's Response to Defendant's Corrected Motion For An Enlargement of Time to the following:

Lindsay Williams, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unite
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

This 28th day of December, 2004.

By: s/ Andrew J. Kilpatrick, Jr.
Andrew J. Kilpatrick, Jr.