IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GROT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-1951C |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME

Pursuant to Rule 7.2 (b) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully replies to plaintiff's response to defendant's motion for an enlargement of time.

On December 22, 2004, defendant, the United States, filed a motion requesting a 45-day enlargement of time within which to complete its discovery. In its March 11, 2004 order, the Court set December 31, 2004, as the discovery deadline for this case. This was defendant's first request for an enlargement of time for this purpose and the undersigned indicated to the Court in the October 1, 2004 status report that an extension might be necessary.

Plaintiff states in its response that it has diligently proceeded with discovery through the filing of interrogatories and request for production of

documents. Defendant agrees with this, but adds that defendant has been diligent in responding to plaintiff's discovery requests, as well as in producing Government witnesses for deposition. The undersigned came onto this case with quite a disadvantage, as she had to quickly familiarize herself with the case and the documents produced in order to effectively defend depositions and determine what discovery was necessary for the Government's case. Within three months the undersigned analyzed the voluminous documents produced by the Government, defended the depositions of six Government witnesses, served interrogatories and request for production of documents, and reviewed plaintiff's response to those interrogatories and request for production of documents. The undersigned suggested to plaintiff that she depose plaintiff's witnesses the week of December 13th, while plaintiff was conducting its depositions of Government witnesses. Plaintiff responded that it was a possibility, however, plaintiff would not be able to produce any documents, should the need arise, unless it were at its home office in Lexington, KY. Further, plaintiff deposed four individuals from December 14th to December 16th , thus, there would not have been enough time within that week for defendant to depose three of plaintiff's witnesses.

Plaintiff argues that this enlargement of time will undoubtedly delay further proceedings in this matter. Defendant disagrees with this statement. The Court has not yet set a motion or trial schedule, thus this enlargement is not causing the postponement of any previously set schedule. Defendant is ready to move forward with motions and trial. Plaintiff requested the Court place the matter on its trial schedule and defendant has no opposition to this. Defendant indicated that if it files a dispositive motion, it will do so within forty-five (45) days of the close of discovery. Defendant does not believe that this enlargement will cause undue delay or prejudice plaintiff.

The parties have determined that if this motion is granted, defendant will depose Jerry Grot, Clyde Bell and John Evans the week of January 31, 2005, in Dallas, Texas.

For the foregoing reasons, defendant respectfully requests that the Court grant this motion for an enlargement of time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/ Lindsay Williams
LINDSAY WILLIAMS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: 8th Floor Classification Unit
1100 L Street NW
Washington, DC 20530
Phone: (202) 353-7995
Fax: (202) 514-8624

January 10, 2005

Attorneys for Defendant