IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GROT INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. 03-1951C |
| v. | ) | (Judge Baskir) |
| | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT STATUS REPORT

Pursuant to this Court's order of May 3, 2005, counsel for plaintiff and defendant submit the following joint status report detailing the status of the case.

Discovery on this matter concluded on February 11, 2005. Following the close of discovery, on March 31, 2005, plaintiff submitted to the contracting officer a "Request for Additional Compensation". On or around this same date, the contracting officer, John Mraz, was unexpectedly hospitalized for emergency heart surgery.

On April 29, 2005, defendant filed its unopposed motion to stay the

case pending the contracting officer's return to work and issuance of his final decision on plaintiff's Request for Additional Compensation which was granted by the Court by the referenced order of May 3, 2005.

Mr. Mraz returned to work in late April 2005, and by letter of May 27, 2005, indicated that he would release his contracting officer's final decision no later than June 30, 2005.

Counsel for plaintiff requests that the matter be placed upon the Court's trial docket, but also believes that this matter should be submitted to non-binding mediation or some other alternative dispute resolution procedure prior to conducting the final pre-trial procedures.

At this time, the contracting officer has not yet issued his final decision on plaintiff's Request for Additional Compensation. Counsel for defendant, however, anticipates that it will be necessary to conduct additional discovery on plaintiff's Request for Additional Compensation, as plaintiff did not submit it to the contracting officer until after the close of discovery. At the least, the Government will need to audit plaintiff's new monetary claims. Additionally, defendant anticipates filing an RCFC Rule 56 motion for summary judgment, which will be at least partially dispositive, at or before the close of this additional discovery. Consequently, defendant

believes that non-binding mediation or other alternative dispute resolution procedure is premature at this time. Additionally, defendant believes it would be premature for the Court to place the matter upon its trial docket.

Pursuant to the Court's May 3, 2005 order, counsel for the parties suggest the dates of July 12, 13 and 14 for a telephonic status conference if the Court determines such a conference is needed.

Respectfully submitted,
GROT INCORPORATED

By: s/ Andrew J. Kilpatrick, Jr.
Andrew J. Kilpatrick, Jr. ID#656
Gore, Kilpatrick, Purdie, Metz &
Adcock, PLLC
Post Office Drawer 2900
Ridgeland, Mississippi 39158
Telephone: 601.957.1595
Facsimile: 601.899.9171
MSB #3763

Attorney for Plaintiff

Peter D. Keisler
Assistant Attorney General

David M. Cohen
Director

s/Franklin E. White, Jr.
Franklin E. White, Jr.
Assistant Director

s/Lindsay E. Williams
Lindsay Williams
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L. Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-7995
Fax: (202) 514-8624

OF COUNSEL:

Kenneth MacKenzie
Veterans Administration
Litigation Attorney

June 28, 2005

Attorneys for Defendant