IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GROT INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. 03-1951C |
| v. | ) | (Judge Baskir) |
| | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT STATUS REPORT

Pursuant to this Court's order of August 8, 2005, counsel for plaintiff and defendant submit the following joint status report detailing the status of the case, defendant's position upon the necessity of additional discovery, and a proposed schedule for further proceedings.

Discovery on this matter concluded on February 11, 2005. Following the close of discovery, on March 31, 2005, plaintiff, Grot Incorporated ("Grot"), submitted to the contracting officer a "Request for Additional Compensation." On or around this same date, the contracting officer, John Mraz, was unexpectedly hospitalized for emergency heart surgery. Consequently, on April 29, 2005, defendant filed its unopposed motion to

stay the case pending the contracting officer's return to work and issuance of his final decision upon Grot's requests for additional compensation. The Court granted the motion to stay the case on May 3, 2005.

On June 29, 2005, Mr. Mraz issued his final decision on Grot's March 31, 2005 requests for additional compensation, which defendant, pursuant to the Court's July 12, 2005 order, submitted to the Court on July 25, 2005.

I. Defendant's Position Upon The Necessity Of Additional Discovery

The Court issued an order on August 8, 2005, ordering defendant to either file a motion for additional discovery schedule, or a statement that it no longer seeks such discovery by August 22, 2005. Accordingly, defendant has reviewed Grot's March 31, 2005 requests for additional compensation and the contracting officer's final decision, as well as discussed the matter with Grot's counsel. The Government's position upon additional discovery is that if Grot does not seek to amend its complaint (which is the only way Grot's new claims could be before the Court) then additional discovery is not necessary. If, however, Grot seeks to amend its complaint, then additional discovery is necessary.

It was defendant's counsel's impression, based upon conversations with Grot's counsel, that Grot would seek to bring the new claims into the

case presently before the Court. Based upon that belief, defendant stated in a June 28, 2005 joint status report that it anticipated the need to take additional discovery in relation to the new claims. Grot represents that it may instead appeal the June 28, 2005 contracting officer's final decision to the Department of Veterans Affairs Board of Contract Appeals ("Veterans Board").

Although Grot is permitted to appeal the new claims to the Veterans Board, defendant questions whether it would be appropriate for Grot to do so, because, notwithstanding the fact this case does not currently involve any money claims, the case before this Court and the proposed Veterans Board case would necessarily involve overlapping, if not identical, factual and legal issues. See 41 U.S.C. § 609 (d) ("If two or more suits arising from one contract are filed in the United States Claims Court and one or more agency boards, for the convenience of parties or witnesses or in the interest of justice, the United States Claims Court may order the consolidation of such suits in that court or transfer any suits to or among the agency boards involved."); see also, Morse Diesel International, Inc. v. United States, -- Fed. Cl. --, 2005 WL 1682282, *2 (July 15, 2005) (holding Court should consider the following factors when determining whether

transfer and consolidation is appropriate: “1) whether the dispute before the board and the court concern the same contract; 2) whether the claims before the court and the board duplicate claims or have overlapping and related issues; 3) whether plaintiff initially chose to appeal its claims before a court or a board; 4) whether one forum or the other has already made significant progress on the claims; 5) whether concurrent resolution would result in an inefficient allocation of the court’s, board’s or party’s resources; 6) whether separate forums would reach inconsistent results.”).

For instance, Grot’s complaint before this Court alleges that the VA wrongfully terminated Grot’s contract for default because, among other things, the delays that occurred were solely attributable to the VA, including the VA’s refusal to answer questions regarding construction under the contract. First Amend. Compl. at ¶¶11a and c, 14. Several of Grot’s March 31 claims are also founded upon the allegation that the VA refused to meet with Grot regarding the “redesign” of the project. Plaintiff’s Request for Additional Compensation at 8, attached as Exhibit 1 (“Ex.”). Additionally, Grot’s amended complaint contains an allegation that it encountered delays caused by differing site conditions. First Am. Compl. at ¶¶11d, 14. Grot’s March 31 request for additional compensation

similarly alleges that it incurred additional costs due to differing site conditions. Ex. 1 at 10-12. Grot further alleges in its amended complaint that the VA's plans and specifications were defective. First Am. Compl. at ¶¶11c and g, 14. This same allegation is contained in the new claims. Ex. 1 at 21-23. Finally, Grot alleges the termination for default was wrongful in light of the VA's failure to make timely payment, First Am. Compl. at ¶10, and its requirement that Grot institute a manual fire watch, First Am. Compl. at ¶9. Grot raises these same issues in its March 31 claims. Ex. 1 at 12-19. Thus, while Grot's new claims are different from the single claim currently before this Court – Grot's challenge of the termination for default – Grot's new claims arise from the same contract and contain overlapping and related, if not identical, issues. As such, this Court seems the more appropriate venue to consider Grot's challenge to the contracting officer's final decision upon Grot's new claims.

The claims set forth in Grot's March 31, 2005 requests for additional compensation are not presently before the Court. The only issue properly before the Court at this time is whether the termination for default was valid. As Grot has indicated that it wishes to move forward solely upon the issue of whether the termination for default was wrongful, defendant does

not seek further discovery. If, on the other hand, plaintiff seeks to amend its complaint to bring the new claims into this case, defendant will seek additional discovery relating to the alleged costs incurred and a new differing site condition allegation. We would request an audit of Grot's monetary claims and deposition testimony on both the monetary claims and the new differing site condition claim.

II. The Parties' Proposed Schedule

Grot believes that it is in its best interest for the case before this Court proceed to trial as quickly as possible. A determination by the Court of the termination of default issue will be dispositive of most, if not all, of Grot's claims in its request for additional compensation. Those matters not resolved can be decided by the Veterans Board. If the Court reverses the termination for default, it will refer the case back to the contracting officer for a termination for convenience settlement. All of the issues in Grot's request for additional compensation can be considered by the contracting officer at that time.

Defendant intends to file a motion for summary judgment upon the termination for default issue within 50 days of the date of the filing of this status report. Plaintiff opposes any additional time for filing a motion for

summary judgment.

Pursuant to the Court's August 8, 2005 order, counsel for the parties suggest the dates of September 8, 9 and 12 for a telephonic status conference.

Respectfully submitted,

GROT INCORPORATED

By: s/ Andrew J. Kilpatrick, Jr.
Andrew J. Kilpatrick, Jr. ID#656
Gore, Kilpatrick, Purdie, Metz &
Adcock, PLLC
Post Office Drawer 2900
Ridgeland, Mississippi 39158
Telephone: 601.957.1595
Facsimile: 601.899.9171

Attorney for Plaintiff

Peter D. Keisler
Assistant Attorney General

David M. Cohen
Director

s/Franklin E. White, Jr.
Franklin E. White, Jr.
Assistant Director

s/Lindsay E. Williams
Lindsay Williams
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L. Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-7995
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

Kenneth MacKenzie
Veterans Administration
Litigation Attorney

August 22, 2005