IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GROT INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. 03-1951C |
| v. | ) | (Judge Baskir) |
| | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT STATUS REPORT

Pursuant to this Court's order of September 23, 2005, counsel for plaintiff and defendant submit the following joint status report detailing the status of the case, defendant's position upon the necessity of additional discovery, and a proposed schedule for briefing and further proceedings.

Discovery on this matter concluded on February 11, 2005. Following the close of discovery, on March 31, 2005, plaintiff, Grot Incorporated ("Grot"), submitted to the contracting officer a "Request for Additional Compensation."

On June 29, 2005, the contracting officer issued his final decision on Grot's March 31, 2005 requests for additional compensation, which

defendant, pursuant to the Court's July 12, 2005 order, submitted to the Court on July 25, 2005. On or about September 13, 2005 Grot appealed the contracting officer's final decision to the Department of Veterans Affairs Board of Contract Appeals ("VABCA").

I. Plaintiff's Suggestion For Further Proceedings

Grot would suggest that the case is ripe for mediation or other alternative dispute resolution ("ADR") procedures and would ask the Court to compel mediation prior to further proceedings in the case. Accordingly, Grot requests that the Court schedule a status conference to discuss alternative dispute resolution of the case.

With respect to the Government's intention to file a motion for summary judgment, Grot does not believe that same is appropriate. Grot believes that there are genuine issues of material fact that will preclude summary judgment and that ADR proceedings will be far more productive at this juncture than after the determination of the Government's motion.

Grot believes that it is in its best interest for the case before this Court to proceed to trial as quickly as possible and requests that the Court place this matter on a trial schedule. A determination by the Court of the termination of default will be dispositive of most, if not all, of Grot's claims

in its request for additional compensation. Those matters not resolved can be decided by the VABCA. If the Court reverses the termination for default, it will refer the case back to the contracting officer for a termination for convenience settlement. All of the issues in Grot's request for additional compensation can be considered by the contracting officer at that time.

II. Defendant's Suggestions For Further Proceedings

The Government does not believe that this case is ripe for mediation or other ADR procedures and would oppose taking part in any such procedures at this juncture for several reasons.

As defendant has indicated throughout this case, it intends to file a motion for partial or complete summary judgment. Additionally, as defendant indicated in its status report of August 22, 2005, it is our position that Grot's claims, which are now before the VABCA, (appeal nos. VABCA-7438 to 7444), should be transferred to this Court and consolidated with the present case. In light of these two factors, we do not believe that ADR would be effective at this time.

Defendant's summary judgment motion will address issues that will be relevant to (if not dispositive of) almost all, if not all, of the claims that Grot currently has appealed to the VABCA. As such, defendant believes

those claims should be before this Court when this Court makes its determination on defendant's motion for summary judgment.

In particular, the summary judgment motion will focus upon the discrete issue of whether the contract required Grot to design and install a fire alarm system or simply to install a fire alarm system. The Court's resolution of this issue will, in turn, resolve the issue of whether the Government's termination of Grot's contract for default was justified and whether Grot's delay in performing the contract was excusable, as the crux of Grot's defense to the termination for default is its allegation that it could not perform the contract because the Government was not correctly interpreting the contract requirements.

The Court's resolution of the issues in the Government's anticipated summary judgment motion should also resolve or narrow the issues raised in connection with affirmative monetary claims that are based upon the same operative facts that Grot raised as defenses, or explanations for its non-performance, in this case.

Before the VABCA, Grot is challenging the contracting officer's denial of Grot's alleged entitlement to: 1) $308,009.72 in costs allegedly incurred by Grot when the Government directed it to design and install, and not just

install, a fire alarm system (appeal no. VABCA-7441); 2) $44,990.02 in costs allegedly incurred by Grot when it encountered differing site conditions (appeal no. VABCA-7442); 3) $74,250.11 in costs allegedly incurred by Grot as a result of the contracting officer's directive that Grot proceed with a 24-hour manual fire watch (appeal no. VABCA-7443); 4) $84,938.97 in costs allegedly incurred by Grot when the Government allegedly failed to make prompt payment (appeal no. VABCA-7439); 5) $195,331.68 in costs allegedly incurred by Grot when the Government allegedly failed to make progress payments (appeal no. VABCA-7438); 6) $933,635.05 for costs allegedly incurred by Grot as a result of the loss of its bonding capacity in response to the termination for default (appeal no. VABCA-7444), and 7) $43,564.06 for alleged prompt payment interest and penalties (appeal no. VABCA-7440).

Grot's VABCA claims arise from the same contract, the same set of facts, and require similar legal determinations as the case presently before this Court. The new claims simply assign monetary value to the allegations that Grot has made in its amended complaint before this Court. Thus, it is our position that these claims should be transferred and consolidated with this case.

The Government, however, does not wish to further delay these proceedings. Thus, today, along with this status report, we have filed a motion to transfer and consolidate Grot's VABCA claims with the present case. We intend to file our motion for summary judgment no later than October 28, 2005. If the Court grants defendant's motion to transfer and consolidate, we respectfully request the right to defer conducting discovery upon Grot's monetary claims until after the Court's resolution of our motion for summary judgment. We have not had the opportunity to conduct discovery upon these claims because Grot did not submit them to the contracting officer until after the close of discovery in this case. However, in the interest of moving forward, and because the Court's resolution of the summary judgment issues will impact the viability of Grot's money claims, efficiency militates against the parties expenditure of resources in discovery upon these new claims until after the Court's determination of our motion for summary judgment.

Respectfully submitted,

GROT INCORPORATED

By: s/ Andrew J. Kilpatrick, Jr.
Andrew J. Kilpatrick, Jr. ID#656
Gore, Kilpatrick, Purdie, Metz PLLC
Post Office Drawer 2900
Ridgeland, Mississippi 39158
Telephone: 601.957.1595
Facsimile: 601.899.9171

Attorney for Plaintiff

Peter D. Keisler
Assistant Attorney General

David M. Cohen
Director

s/Franklin E. White, Jr.
Franklin E. White, Jr.
Assistant Director

s/Lindsay E. Williams
Lindsay Williams
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L. Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-7995
Fax: (202) 514-8624
Attorneys for Defendant

OF COUNSEL:

Kenneth MacKenzie
Veterans Administration
Litigation Attorney

October 14, 2005