IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GROT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-1951 C |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO TRANSFER AND CONSOLIDATE

Pursuant to 41 U.S.C. § 609(d), defendant respectfully requests that the Court transfer and consolidate plaintiff Grot Incorporated's appeal filed with the Veteran's Affairs Board of Contract Appeals ("VABCA" or "board"), appeal nos. 7438-7444, with this case. As we establish below, because this case and the later filed board proceeding arise out of the same contract and involve substantially overlapping factual and legal issues that should be decided by one tribunal, consolidation of both actions before this Court will result in an efficient allocation of court and party resources, and will prevent inconsistent findings and interpretations of the same contract. Accordingly, this Court should transfer the VABCA appeal and consolidate it with this action. Counsel for the Government contacted plaintiff through counsel, and he indicated that plaintiff opposes this motion.

I. Brief Facts And Procedural History

On February 1, 2002, Grot was awarded a contract by the Department of Veterans Affairs ("VA") for the project generally described as Campus-Wide Fire Alarm, Project No. 099-108, at the Sam Rayburn Memorial Veterans Center in Bonham, Texas. On August 7, 2003, the Government terminated the contract for default.

In this case, filed on August 19, 2003, Grot challenges the VA's decision to terminate its contract for default. On March 31, 2005, after the close of discovery in this case, Grot submitted to the contracting officer claims titled "Requests for Additional Compensation." On June 29, 2005, the contracting officer issued a final decision upon Grot's March 31 claims. On September 13, 2005, Grot appealed the contracting officer's final decision to the VABCA. See Grot, Inc. v. Dept. of Veterans' Affairs, VABCA Appeal Nos. 7438-7444, Notice of Docketing, attached as Exhibit A.

II. Transfer Of This Case To The Court Is Proper For The Convenience Of The Parties And Witnesses And To Promote The Interests Of Justice

The Government requests that Grot's appeal to the VABCA be transferred to this Court and consolidated with this case. 41 U.S.C.

§ 609(d) provides:

> If two or more suits arising from one contract are filed in the United States Court of Federal Claims and one or more agency boards, for the convenience of parties or witnesses or in the interest of justice, the United States Court of Federal Claims may order the consolidation of such suits in that court or transfer any suits to or among the agency boards involved.

41 U.S.C. § 609(d) (2000). Section 609(d) authorizes the Court to transfer and consolidate the two cases in this Court. See Joseph Morton Co. v. United States, 757 F.2d 1273, 1280 (Fed. Cir. 1980); see also, Morse Diesel International, Inc. v. United States, 66 Fed. Cl. 801, 804 (2005) (the United States Court of Federal Claims has "broad discretion" in exercising its discretion to transfer and consolidate a suit from an agency board, pursuant to 41 U.S.C. § 609(d)); Glendale Joint Venture v. United States, 13 Cl. Ct. 325 (1987) (consolidating board case with suit pending before the Court); Santa Fe Engineers, Inc. v. United States, 230 Ct. Cl. 1048, 1050 (1982) (the Court is empowered to consolidate cases in the Court or to transfer cases to the board, under the "broad transfer provision of the Contract Disputes Act"). The Court "possesses broad discretion in exercising its power to consolidate." Joseph Morton, 757 F.2d at 1280. The importance of consolidation was recognized in the legislative history:

> It is the intent of the committees that splitting of the causes of action, or suits, under one contract be kept to a minimum.... [I]t is intended that the Court of Claims have the same ultimate authority to consolidate suits that are split between the court and the agency boards.... It is the intent of the section to make available the opportunity to consolidate like suits in one jurisdiction, but this action should weigh the positions of the parties involved.

Id. (quoting S. Rep. No. 1118, 95th Cong. 31, reprinted in 1978 U.S. Code Cong. & Ad. News 5235, 5265).

Section 609(d) identifies three standards for deciding whether to transfer or consolidate: convenience of parties, convenience of witnesses, and the interests of justice. See Guiliani Contracting Co. v. United States, 21 Cl. Ct. 81, 83 (1990). In determining whether the interests of justice or the convenience of parties or witnesses favors transfer or consolidation, several factors are relevant: (1) whether the disputes before the Court and the board involve the same contract; (2) whether the same or overlapping issues are involved in the matters before the Court and the board; (3) whether the plaintiff initially chose to appeal its claims before the Court or a board; (4) whether substantial efforts have been expended by one forum, but not by the other; (5) whether transfer will eliminate duplication of efforts by the tribunals and the parties; and (6) whether separate fora could reach

inconsistent results. See Morse Diesel, 66 Fed. Cl. at 804; Marshall Associated Contractors, Inc. v. United States, 31 Fed. Cl. 809, 816 (1994); Guiliani Contracting Co., 21 Cl. Ct. at 83.

A consideration of these factors in this case supports the transfer and consolidation of Grot's VABCA appeal in this Court. First, both cases arise from the same contract known as Campus-Wide Fire Alarm, Project No. 099-108, at the Sam Rayburn Memorial Veterans Center in Bonham, Texas.

Second, both cases have overlapping issues. Grot's amended complaint before this Court challenges the Government's determination that Grot defaulted on the contract, based upon the allegation that the Government incorrectly interpreted the contract, and, as a result, caused delay and inhibited Grot's ability to perform. Grot's appeal to the VABCA makes the same allegations:

> Throughout the course of construction of the Project, Grot's progress was suspended, delayed and otherwise impacted and the cost for performing the work was greatly increased through no fault of Grot; the suspensions, delays and other impacts, resulted from, among other things, the VA's interference with Grot's performance on the Project by directing Grot to completely redraw the plans for the Project, defective plans and specifications, multiple directives to conform to erroneous

> interpretations of the plans and specifications by the contracting officer and his technical representative and defective contract administration together with other actions or inactions by the VA.

Grot's VABCA Compl. at ¶4, attached as Exhibit B. Thus, Grot's VABCA appeal is based upon the same facts, the only difference being that Grot's VABCA appeal seeks to recover money damages, whereas its case before this Court simply seeks to invalidate the termination for default.

Third, Grot initially chose to proceed in this Court. Grot appealed the termination for default to the Court, not to the VABCA.

Fourth, discovery in this case closed in February of 2005; nothing other than the notice of appeal and the complaint has been filed with the board. In this case, the Government has provided a complete copy of its contract file – over eight volumes of documents – to Grot, and both parties have deposed all witnesses. While the Government has not conducted discovery to determine the accuracy of Grot's alleged money damages, the completed discovery does encompass the facts and deposition testimony upon which Grot's alleged money damages are based. Thus, substantial efforts have already been extended in this Court.

Fifth, transfer and consolidation in this Court will eliminate the duplication of effort. As explained above, the issues in both cases are

substantially overlapping. Both cases will examine whether the Government correctly interpreted the contract requirements, whether the Government required Grot to perform work outside the scope of the contract by directing Grot to resubmit its design drawings, and whether, as a result, the Government caused delay and inhibited Grot's ability to perform. Moreover, since the witnesses for both cases are the same, the requested consolidation will eliminate the disruption to Grot, the VA, and the third-party witnesses that otherwise would occur if they were required to participate in duplicative discovery and case presentation.

Sixth, there is a substantial possibility that the Court and the board would reach inconsistent results when interpreting the same contract. The VABCA appeal and the case before this Court involve the same contract and overlapping factual and legal issues. Thus, were they to remain in separate tribunals, the board and this Court would be forced to consider and resolve these overlapping factual and legal issues. Neither the board, nor the Court's decisions are binding upon one another. Consequently, it is possible that this Court could find that the Government correctly interpreted the contract and, thus, that the termination for default was proper, while the board could find that Grot correctly interpreted the contract and, thus, was

entitled to money damages. Such a situation is exactly what 5 U.S.C. § 609 (d) seeks to prevent.

An examination of these factors demonstrates that the Government's request to transfer and consolidate Grot's VABCA appeal with Grot's case in this Court would serve the interests of justice and the convenience of the parties and the witnesses.

For the reasons stated above, defendant respectfully requests the Court to grant defendant's motion to transfer and consolidate VABCA Appeal Nos. 7438-7444 with this case.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/Lindsay E. Williams
Lindsay Williams
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L. Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-7995
Fax: (202) 514-8624
Attorneys for Defendant

OF COUNSEL:

Kenneth MacKenzie
Veterans Administration
Litigation Attorney

October 14, 2005