# In the United States Court of Federal Claims

Case No. 03-1951C
(Filed: November 16, 2005)

*****************************************************
GROT INCORPORATED, *
*Plaintiff,* *
*
v. *
*
THE UNITED STATES OF AMERICA, *
*Defendant.* *
*****************************************************

## ORDER

I. Motion to Transfer and Consolidate

The Plaintiff filed its Complaint in the above-captioned case on August 19, 2003, alleging that the Department of Veterans Affairs ("VA") wrongfully terminated Plaintiff's contract for default, in part because of delays that were solely the VA's fault. The parties conducted discovery in this case from March 2004 to February 2005.

On March 31, 2005, Plaintiff submitted "Requests for Additional Compensation," to the contracting officer. After the contracting officer denied the claims, Plaintiff appealed to the Department of Veterans Affairs Board of Contract Appeals ("Board"), on September 13, 2005. In those claims, the Plaintiff seeks money damages for suspensions, delays, and other interference to the contract performance, all of which are allegedly the fault of the VA.

Before the Court is Defendant's Motion to transfer Plaintiff's appeals before the Board to this Court and consolidate them with this case. Although the Plaintiff initially opposed the Motion, on October 28, 2005, the parties submitted a Joint Stipulation in which the Plaintiff agreed that the appeals should be transferred and consolidated. **The Court agrees, and grants the Defendant's Motion to transfer and consolidate.**

The U.S. Court of Federal Claims can consolidate two or more suits filed before the Court and one or more agency boards "arising from one contract" "for the convenience of parties or witnesses or in the interest of justice." 41 U.S.C. § 609(d). This Court and its predecessors have recognized six factors that should be considered in consolidation cases:

(1) Whether the disputes concern the same contract,
(2) Whether there are duplicate claims or overlapping issues,
(3) Which forum Plaintiff originally chose,
(4) Whether one forum has already made significant progress on the claim,
(5) Whether keeping the claims separate would be inefficient, and
(6) Whether the two forums could reach inconsistent results.

*Giuliani Contracting Co. v. United States*, 21 Cl. Ct. 81, 83 (1990).

The Court has considered each of these factors, and finds that they all clearly support transfer and consolidation in this case. Plaintiff's claims before this Court and the Board all involve the interpretation of the same provisions of the same contract. Proof of overlapping legal and factual issues in different fora would be inefficient and could lead to inconsistent results. This Court is the preferred tribunal to adjudicate the claims because Plaintiff filed in this Court more than two years before appealing to the Board, and extensive discovery has already been conducted.

**For the foregoing reasons, the following appeals shall be transferred from the Department of Veterans Affairs Board of Contract Appeals to the Court of Federal Claims, pursuant to 41 U.S.C. § 609(d): VABCA Nos. 7438, 7439, 7440, 7441, 7442, 7443, and 7444. Once transferred, these claims shall be consolidated with Case Number 03-1951C of this Court.**

II. <u>Further Proceedings</u>

Due to this change in the proceedings of this case, briefing on the Defendant's Motion for Summary Judgment is temporarily suspended. **The parties shall submit a Joint Status Report to the Court no later than December 15, 2005, addressing further proceedings, including the following issues:**

- Now that Plaintiff's claims before the Board will be consolidated with this case, will the parties seek additional discovery? The parties should propose a discovery schedule.

- Does the Defendant wish to amend or revise its Motion for Summary Judgment, now that the case will involve additional claims? The parties should propose a briefing schedule.

- How does the Defendant's possible need for additional discovery affect the timing of its Motion for Summary Judgment? Does the Defendant request additional discovery before the parties continue to brief its Motion for Summary Judgment?

**IT IS SO ORDERED.**

/s/ Judge Lawrence M. Baskir
LAWRENCE M. BASKIR
Judge