IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GROT INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. 03-1951C |
| v. | ) | (Judge Baskir) |
| | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT STATUS REPORT

In its November 16, 2005 order, the Court, among other things, directed that the parties submit a joint status report addressing the following issues:

> 1) Now that Plaintiff's claims before the Board will be consolidated with this case, will the parties seek additional discovery? The parties should propose a discovery schedule.
>
> 2) Does the Defendant wish to amend or revise its Motion for Summary Judgment, now that the case will involve additional claims? The parties should propose a briefing schedule.
>
> 3) How does Defendant's possible need for additional discovery affect the timing of its Motion for Summary Judgment? Does the Defendant request additional discovery before the parties

continue to brief its Motion for Summary Judgment?

Pursuant to the Court's order, counsel for the parties respectfully submit the following joint status report, which includes a consolidated response to all three of the Court's issues.

Defendant anticipates that it will need to conduct at least some additional discovery in connection with Grot's new money claims that have been consolidated with this action. The parties agree, however, that for efficiency purposes the Court should postpone defendant's additional discovery upon these claims until after the Court decides defendant's pending motion for partial summary judgment, as the resolution of that motion will almost certainly affect the scope of additional discovery related to the monetary claims.

In its motion for partial summary judgment, defendant requests that the Court conclusively resolve an issue of contract interpretation that is the fundamental disagreement between the parties in this case – namely, whether the contract required Grot to design and install a fire alarm system, or whether Grot was merely required to install a system. Contract interpretation is an issue of law that is particularly well-suited to summary judgment and the parties believe that the Court can determine what the

contract required prior to the parties being required to expend time and resources in connection with defendant's conducting additional discovery upon Grot's new money claims. As most of Grot's money claims are prefaced upon its belief that the contract did not require it to design the fire alarm system, the parties anticipate that the Court's resolution of the contract interpretation issue will aid in defining the scope of additional discovery necessarily related to the new money claims. Accordingly, the parties propose that the Court postpone further discovery (including the setting of a discovery schedule) relating to the newly added money claims until the Court has resolved defendant's motion for partial summary judgment.

Should the Court disagree with the parties' proposal that discovery be postponed, and instead determine that any discovery upon Grot's money claims proceed before or concurrently with further briefing and proceedings relating to defendant's motion for partial summary judgment, the parties propose that the Court set 90 days from the date the Court issues an order directing defendant to engage in discovery, as the deadline for defendant's completion of all discovery upon Grot's new claims.

Assuming that the Court postpones defendant's additional discovery

upon Grot's new claims until after resolution of the defendant's motion for partial summary judgment, defendant does not wish to revise or amend its motion. The parties propose that the Court lift the current suspension upon the briefing of defendant's motion and Grot file its response within twenty-eight (28) days of the entry of the Court’s order. However, should the Court determine that the suspension of the briefing should continue until the completion of all discovery, the parties propose that the Court set 90 days from the date the Court issues an order directing defendant to engage in discovery, as the discovery deadline and that defendant be permitted to either re-file its motion for partial summary judgment (or submit an amended motion for summary judgment addressing additional issues) within 30 days of the close of discovery (with response and reply briefs to be submitted in accordance with RCFC 7.2(c)).

Respectfully submitted,

GROT INCORPORATED
By: s/ Andrew J. Kilpatrick, Jr.
Andrew J. Kilpatrick, Jr. ID#656
Gore, Kilpatrick, Purdie, Metz &
Adcock, PLLC
Post Office Drawer 2900
Ridgeland, Mississippi 39158
Telephone: 601.957.1595
Facsimile: 601.899.9171
MSB #3763

Attorney for Plaintiff

Peter D. Keisler
Assistant Attorney General

David M. Cohen
Director

s/Franklin E. White, Jr.
Franklin E. White, Jr.
Assistant Director

s/Lindsay E. Williams
Lindsay Williams
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L. Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-7995
Fax: (202) 514-8624
Attorneys for Defendant

OF COUNSEL:

Kenneth MacKenzie
Veterans Administration
Litigation Attorney

December 15, 2005