IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GROT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-1951C |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO QUASH SUBPOENA**
**OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

Pursuant to the Rules 26(b) and (c), and 45(c)(3)(A)(iii), of the Rules of the United States Court of Federal Claims ("RCFC"), and the Court's order entered June 26, 2006, allowing limited additional discovery, defendant respectfully requests that the Court quash the subpoena served upon Siemens Building Technologies, Inc. ("Siemens") by the plaintiff, Grot, Inc.

The subpoena should be quashed because it seeks documents on subjects that exceed the scope of the Court's June 26, 2006 order, which re-opened discovery for the limited purpose of addressing the Veteran's Affairs Board of Contract Appeals ("VABCA") claims that were consolidated with the above-captioned case on April 28, 2006. Additionally, the documents sought are not relevant to any matter at issue in the case, nor could any of the documents sought be reasonably calculated to lead to the

discovery of admissible evidence.

The United States has standing to bring this motion because it has an interest in the post-termination contract documents sought by plaintiff, as well as in the efficient conclusion to this litigation, which plaintiff apparently seeks to cloud with irrelevant documents and argument. Auto-Owners Insurance Company v. Southeast Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005). To the extent that the Court determines that the Government lacks standing to quash Grot's subpoena to Siemens, we request that the Court consider this a motion for protective order. Id. at 429-430.

## I. The Court's June 26, 2006, Order Re-Opened Discovery Only For Matters Concerning VACBA Claims

This case concerns the interpretation of a contract between plaintiff, Grot, Inc., and the Department of Veteran's Affairs ("VA") at the Sam Rayburn Memorial Veterans Center. ("Veterans Center"). Under the terms of the contract, Grot was to install fire alarms and sprinklers in various buildings at the Veterans Center. Grot was terminated for default by the VA on August 7, 2003, and a contract to complete the installation of the fire alarms and sprinklers ("Completion Contract") was awarded to Siemens Building Technologies, Inc. ("Siemens").

Discovery in this case closed February 11, 2005.[1] It was re-opened following the consolidation of plaintiff's six VABCA appeals with this case, based upon the parties' request in a Joint Status Report filed June 20, 2006. In that report the parties jointly requested "[d]iscovery on plaintiff's appeals to the Veteran's Affairs Contract Board of Appeals that were consolidated with the above-captioned case shall be completed on or before October 30, 2006."[2] No other discovery was requested.

Previously, the Court had granted the Government's motion for partial summary judgment and found, as a matter of law, that plaintiff's interpretation of the contract at issue in this case was not only incorrect, but unreasonable. Specifically, the Court held:

> In sum, the unambiguous terms of the contract required Plaintiff to 'incorporate the bid drawings, the contract specifications, and the relevant fire codes to create or design a fire alarm system, and then to install that system.'[3]

Thus, the only issues remaining in the case concern the consolidated VABCA claims.

---

[1] See Court Order dated January 14, 2005, Docket Entry 32.

[2] See Joint Status Report, filed June 20, 2006, Docket Entry 70.

[3] See Court's Order Granting Government's Motion for Partial Summary Judgment entered May 15, 2006, Docket Entry 69.

## II. Grot's Subpoena to Siemens Should Be Quashed Because It Exceeds the Limited Scope Of Re-Opened Discovery

Despite the narrowing of the issues that remain, plaintiff issued a subpoena to Siemens requesting information concerning the Completion Contract and events that have occurred since Grot, Inc. was terminated by the VA for default on this contract. None of the documents requested from Siemens could have any bearing upon the VABCA claims, as they all involve Grot's claims for money damages based upon pre-termination events. The subpoena thus seeks information and documents that exceed the limited scope of re-opened discovery, and it should therefore be quashed. RCFC 45(c)(3)(A)(iii). Grot may not circumvent the limitations of the Court's order re-opening discovery through the use of a subpoena to a non-party because the scope of discovery under a subpoena is the same as under the general discovery rules. Transcor, Inc. v. Furney Charters, Inc., 212 F.R.D. 588, 591 (D. Kan. 2003).

The only documents Grot seeks through the subpoena to Siemens concern post-termination events involving Siemens' performance of the completion contract. For example, Grot requests "an itemization of the devices installed by Siemens under the completion contract," "a copy of all change orders issued by the VA to Siemens under the Completion

Contract," and "a copy of all proposals from Siemens to the VA for completion work on the project," among other documents.[4] None of these documents has any relevance to Grot's pre-termination claims for unpaid progress payments, retainage, interest on late payments, money damages for alleged design defects encountered by Grot, money damages for alleged differing site conditions, or money damages for providing a fire watch. Clearly, none of the Completion Contract documents requested in the subpoena concerns any of Grot's claims for money damages that are within the scope of discovery, nor are any of the requested documents reasonably calculated to lead to admissible evidence on those claims. The subpoena should therefore be quashed because it exceeds the scope of discovery. Transcor, 212 F.R.D. at 591; Del Campo v. Kennedy, 236 F.R.D. 454, 457 (N.D. CA 2006) (holding that the scope of discovery under a subpoena is the same as that applicable to Rule 34 and Rule 26(b)).

## III. Grot's Subpoena To Siemens Should Be Quashed Because It Seeks Documents Neither Relevant Nor Reasonably Calculated To Lead To Admissible Evidence In this Case

In addition to being beyond the limited scope of re-opened discovery,

[4] A copy of the subpoena served upon Siemens, including Exhibit A, which states the specific documents sought by Grot, is attached to this motion.

the documents Grot requests in the subpoena are not relevant to its claim that it should not have been terminated from this contract for default. The Court has already ruled, in its order granting the Government's motion for partial summary judgment, that Grot failed to interpret the contract correctly, and therefore its contract performance based upon that interpretation was faulty. This is now law of the case, and the Court "'will generally refuse to reopen or reconsider what has already been decided at an earlier stage of the litigation.'" Augustine v. Principi, 343 F.3d 1334, 1339 (Fed. Cir. 2003) quoting Suel v. Sec'y of Health and Human Services, 192 F.3d 981, 985 (Fed. Cir. 1999).

## IV. Good Cause Exists For A Protective Order

Even if the court determines that the Government lacks standing to bring a motion to quash Grot's subpoena to Siemens, the Government clearly has standing to request a protective order. RCFC 26(c)(4). Auto-Owners, 231 F.R.D. at 429, citing Washington v. Thurgood Marshall Academy, 230 F.R.D. 18, 22 (D.D.C. 2005).

Rule 26 contemplates that discovery will be limited only to non-privileged information "which is relevant to the pending litigation." RCFC 26(b)(1). As set forth above, post-termination events concerning

Siemens's performance under the Completion Contract have no relevance to any of the pre-termination claims for money damages now pending in this case, nor any relevance to Grot's termination for default on the original contract. The documents sought from Siemens can only support irrelevant and improper arguments concerning post-termination events that will further protract this litigation that has already been pending for three years. Therefore, a protective order should be entered preventing Grot from seeking any discovery on the Completion Contract, including, but not limited to, those documents requested in its subpoena to Siemens.

## V. CONCLUSION

For the foregoing reasons, the Court should grant the United States' motion to quash the subpoena issued by plaintiff, Grot, Inc. to nonparty Siemens. In the alternative, the Court should enter a protective order preventing any discovery upon Siemens's performance of the Completion Contract, or other post-termination events concerning the Completion Contract.

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s
FRANKLIN E. WHITE, JR.
Assistant Director

/s
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-1011
Fax: (202) 307-0972

OF COUNSEL:
KENNETH MACKENZIE
Department of Veterans Affairs

Dated: October 25, 2006

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 25th day of October, 2006, I caused to be served electronically a copy of "DEFENDANT'S SECOND SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS," to:

ANDREW KILPATRICK, JR.
Gore, Kilpatrick, Purdie, Metz & Adcock, PLLC
P.O. Drawer 2000
Ridgeland, Mississippi 39158

_______________/s_________________
Joan M. Stentiford