FORM 6
SUBPOENA

# United States Court of Federal Claims

Grot, Incorporated

vs. *No.* 03-1951C

*THE UNITED STATES*

## SUBPOENA

To: Siemens Buliding Technologies, Inc.
c/o Shelbi barnhouse
901 main St., Suite 5500
Dallas, TX 75202

1. YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above-captioned case.
   *Place of Testimony*:
   *Date and Time*:
2. YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above-captioned case.
   *Place of Deposition:*
   *Date and Time:*
3. YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Exh. "A".
   *Place:* Siemens Building Technologies, Inc./Dallas TX
   *Date and Time:* October 27, 2006 @ 9:00 A.M.
4. YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.
   *Premises:*
   *Date and Time:*

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.

Andrew J. Kilpatrick, Jr. Attorney for Plaintiff

ISSUING OFFICER SIGNATURE, AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) DATE

Post Office Box 2900 Ridgeland, MS 601.957.3202

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

NOTE - If the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of the deposition is more than 100 miles from the place where the deponent resides, is employed, or transacts business in person, the person served may regard the command as optional unless there is attached to the subpoena an order of the court requiring his/her appearance notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law. (28 U.S.C. §1821)

PROOF OF SERVICE

| | |
|---|---|
| DATE | PLACE |
| SERVED | |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

□ Fees tendered for one day's attendance and mileage allowed by law. (Fees and mileage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.)

DECLARATION OF SERVICE

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: ______________________
DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

RCFC 45.

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

# EXHIBIT "A" TO SUBPOENA DUCES TECUM ISSUED TO SIEMENS BUILDING TECHNOLOGIES, INC.

## DEFINITIONS

The term "VA" or "Defendant" means the United States of America acting by and through the Department of Veterans Affairs and/or its authorized agents, attorneys, servants, employees, officers and representatives specifically including, but not limited to, each and every contracting officer or contracting officer's representative.

The term "Grot" shall mean "Grot, Incorporated" and/or its authorized agents, attorneys, servants, employees, officers and representatives.

The term "Siemens" shall mean "Siemens Building Technologies" and/or its authorized agents, attorneys, servants, employees, officers and representatives.

The term "Fratto" shall mean "Fratto Engineering, Inc." and/or its authorized agents, attorneys, servants, employees, officers and representatives.

The term "Project" shall mean the project generally identified as "Replace Fire Alarm System, Sam Rayburn Memorial Veterans Center, Bonham, Texas".

The term "Contract" shall mean "Contract Number V549P-609-2" between Grot and VA for performance of the Project.

The term "Completion Contract" shall mean each and every contract entered into between the VA and Siemens to complete construction of the Project following the VA's termination of Grot.

The term "Contracting Officer" shall mean "John Mraz" and each and every other contracting officer serving on the Project and/or their authorized agents, attorneys, servants, employees, officers and representatives.

The term "documents" is intended to and shall embrace the definition thereof in Rule 34, RUSCFC, and embraces whether handwritten, typed, printed, or otherwise visually or mechanically reproduced, the original, copies and drafts thereof, of letters, charts, cables, memoranda, interoffice communications, reports, notes, purchase orders, change orders, modifications, field orders, delivery tickets, extra work orders, job reports, transmittals, bulletins, requisition forms, logs, calendar or diary entries, diaries, daily inspection reports, minutes, drawings, blueprints, sketches, diagrams, shop drawing logs, submittal logs, surveys, lab reports, pile driving records, engineering reports, test reports, evaluations, estimates, opinions, studies, analysis, summaries, instructions, contracts, agreements, specifications, schedules, bar charts, CPM's, payrolls financial statements and the like.

**Documents and Information Requested for Production:**

i) any and all correspondence or other documentation to or from Siemens and the VA and Fratto; and

ii) an itemization of the devices installed by Siemens under the Completion Contract and the location of those devices on the Project; and

iii) a copy of any as-built drawings provided by Siemens to the VA whether at completion of the Completion Contract or otherwise; and

iv) a copy of all change orders issued by the VA to Siemens under the Completion Contract; and

v) any inventory of equipment seized by the VA following termination of the Contract; and

vi) a copy of all proposals from Siemens to the VA for completion work on the

project whether same were accepted by the Va or not.

**End of Exhibit "A".**