**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**GROT, INCORPORATED,**

**Plaintiff,**

**v.**

**No. 03-1951C**
**(Judge Baskir)**

**THE UNITED STATES OF AMERICA,**

**Defendant.**

**RESPONSE OF GROT, INC. TO DEFENDANT'S MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

COMES NOW, Grot, Incorporated ("Grot"), Plaintiff in the above cause, and in response to the motion of the Defendant to quash a subpoena issued by Grot or, in the alternative, for a protective order, would submit the following memorandum and brief.

## STATEMENT OF THE CASE

As everyone is aware, this case arises out of that certain contract awarded to Grot by the Department of Veterans Affairs ("VA") on February 1, 2002. It is contract number V549P-609-2 (the "Contract") and was for performance of the work generally described as Campus-Wide Fire Alarm,

Project No. 099-108 at the Sam Rayburn Memorial Veterans Center, East Ninth and Lipscomb Streets, Bonham, Texas (the "Project"). Grot was terminated by the VA on August 7, 2003, and Grot filed this appeal.

On or about March 31, 2005, and subsequent to filing of this appeal, Grot submitted a duly certified claim for additional compensation and requested a contracting officer’s final decision. A copy of Grot’s claim without the attachments so as to not unduly burden the record is attached as Exhibit “A”. By letter of June 29, 2005, the contracting officer issued his final decision wherein he recognized Grot’s entitlement to only $55,112.60 of the requested adjustment. Feeling aggrieved by the decision of the contracting officer, Grot appealed to the Veterans Affairs Board of Contract Appeals (“VABCA”) which appeal was subsequently transferred to this Court and consolidated with this action.

Discovery on the VABCA claims was stayed pending a decision on Defendant’s motion for partial summary judgment. The Court entered its opinion granting Defendant’s motion on May 15, 2006. Subsequently, the parties submitted a joint status report to the Court suggesting a discovery deadline of October 30, 2006 for completion of discovery related to the VABCA claims which was adopted by the Court in its order of June 26,

2006. Consistent with the Court's order, Grot issued a subpoena to Siemens Building Technologies, Inc. ("Siemens"), Grot's subcontractor and the completion contractor following termination by the VA, seeking documents generated by Siemens during completion of its work under the completion contract with the VA. Grot's subpoena to Siemens requested the following documents:

I) any and all correspondence or other documentation to or from Siemens and the VA and Fratto; and

ii) an itemization of the devices installed by Siemens under the Completion Contract and the location of those devices on the Project; and

iii) a copy of any as-built drawings provided by Siemens to the VA whether at completion of the Completion Contract or otherwise; and

iv) a copy of all change orders issued by the VA to Siemens under the Completion Contract; and

v) any inventory of equipment seized by the VA following termination of the Contract; and

vi) a copy of all proposals from Siemens to the VA for completion work on the project whether same were accepted by the Va or not.

As will be seen in this response, all are properly discoverable and are

directly related to Grot's VABCA claims.[1]

## ARGUMENT

**Reply to Point 1: The Court's Opinion of May 15, 2006 is Not Dispositive to the Issues of Whether Grot was Properly Terminated.**

Defendant argues that the only issues remaining in this case are related to Grot's VABCA claim. That is simply not the case.

In the Court's opinion, the Court found that the "unambiguous terms of the contract required the Plaintiff to 'incorporate the bid drawings, the contract specifications, and the relevant fire codes to create or design a fire alarm system, and then to install that system' ". *See, Court's Opinion, page 15, Docket Entry 69.* That is the sole issue decided by the Court: that Grot had the obligation to design and install the fire alarm system for the Project.

Defendant's motion addressed only the narrow question of whether Grot was correct in its interpretation that it was not responsible for the "design" of the fire alarm system. Defendant's motion did not argue that Grot was not performing in accordance with the contract at the time of termination nor does the opinion of the Court address Grot's performance or make any finding as to whether the termination by the VA was proper. In

[1] It should be noted that documents responsive to the subpoena were delivered to counsel for Grot on October 30 and 31, 2006.

fact, during the argument on Defendant's motion, the Court expressed that the issues regarding the failure to complete the contract were arguments for another day. The Court essentially held such in its opinion when it stated that Grot's counsel conceded that "the current issue before the Court is not the responsibility for a failed contract". *See, Court's Opinion, page 14, Docket Entry 69.* This Court has held that Grot had the responsibility to "design and install" a fire alarm system for the project. Whether Grot was doing so at the time of termination and whether the termination was improper are among other things still before this Court. As can be seen by a review of Grot's claim, all of those issues are directly related to the VABCA claims.

**Reply to Points 2 & 3: Grot's Subpoena Does Not Exceed the Limited Scope of Reopened Discovery in that Grot's Subpoena Request Documents Relevant to the VABCA Claims.**

Notwithstanding that Defendant's interpretation of the breadth of the Court's opinion is greatly misplaced, Grot does not dispute that the documents requested still must be related to the VABCA claims. The majority of the documents relate to the completion of the Project by Siemens; the circumstances of which Defendant apparently wants to keep secret. Those documents are directly related to issues raised in Grot's

claims.

Grot's first request to Siemens seeks "any and all correspondence or other documentation to or from Siemens and the VA and Fratto".[2] One of the issues raised throughout Grot's claim is the refusal of the contracting officer to meet with Grot and resolve issues regarding the redesign of the Project. *See, Grot's Claim, Exhibit "A" at pages 11, 12, 13, 15, 16 18, 19 & 20.* It is argued that the failure to answer questions regarding the VA's desires with respect to the Project delayed and impacted Grot's ability to finish its work. If the VA answered the questions for Siemens that Grot repeatedly sought direction on, then the document is directly related to Grot's VABCA claims.

Grot also requested an "itemization of the devices installed by Siemens under the Completion Contract and the location of those devices on the Project". Again this directly relates to questions raised by Grot during its construction of the Project. When Grot acquiesced to the contracting officer's directive to design the Project, Grot removed devises from the Fratto drawings that were not necessary to meet code requirements. *See, Grot's Claim, Exhibit "A" at pages* 13 & 18. Grot was

[2] "Fratto" is "Fratto Engineering, Inc., the design engineer for the Project.

subsequently directed to include those devises which further delayed the Project. Whether these devises were subsequently installed by Siemens is directly related to the VABCA claims.

The third item requested by the subpoena was “a copy of any as-built drawings provided by Siemens to the VA whether at completion of the Completion Contract or otherwise”. Again, this document goes directly to the identification of the devises installed by Siemens in the completion of the Project. It also allows Grot to compare the drawings, plans and specifications that Grot had submitted to those finally installed by Siemens and adopted by the VA. How is this not related to the VABCA claims?

The fourth item requested was “a copy of all change orders issued by the VA to Siemens under the Completion Contract”. Again, this goes directly to the issues raised by Grot regarding receiving timely information from the contracting officer as previously referenced. Were these change orders in response to Grot’s continued request for information? If the Project was being designed by Siemens under the “design and install” format, why would any change orders exist unless the VA could not decide what it wanted in the first place?

The fifth request made of Siemens was for “any inventory of

equipment seized by the VA following termination of the Contract". One of the issues raised by Grot in its claim is that it is entitled to payment for all of its unpaid progress payments. *See, Grot's Claim, Exhibit "A" at page 25.* Included within those progress payments is material delivered to the jobsite for which Grot was not paid. This is material provided by Siemens to Grot. Among other things, if credit has been provided for the seized material, then it changes the amounts to which Grot might be entitled under its claim for unpaid progress payments. Again directly related to the VABCA claims.

The final subpoenaed documents were copies "of all proposals from Siemens to the VA for completion work on the project whether same were accepted by the VA or not". While Grot believes that any work performed by any completion contractor relates to Grot's claims, the fact remains that the documents requested from Siemens were also requested of and produced by Defendant in response to Grot's first request for production to Defendant.

**<u>Reply to Point 4: Grot's Subpoena is Proper and a Protective Order is Not Applicable to this Discovery.</u>**

As has been shown above, all of Grot's subpoenaed documents are related in some way to the VABCA claims. The fact that they might have also been related to Grot's argument that it was not responsible for the

"design" of the Project is irrelevant. RCFC 26(b)(1) provides as follows:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence.

All that is necessary is that Grot's requested documents "be reasonably calculated to lead to the discovery of admissible evidence" with respect to its VABCA claims. That has been established above.

Notwithstanding, Defendant has not followed the Court's rules with respect to requesting the protective order. FRCP 26©) requires Defendant to certify that it has in good faith conferred or attempted to confer in an effort to resolve the dispute without Court action. No such certification was filed nor was any such conference requested. In fact, counsel for Grot first learned of the motion from counsel for Siemens.

Further, FRCP 26©) provides that the Court may make any order which justice requires to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense". Defendant has wholly failed to identify any basis for a protective order other than Defendant's unsubstantiated claim that the documents obtained from Siemens are not related to the VABCA claims.

A party seeking an order to protect a particular document bears the burden of showing that, for each particular document sought to be protected, particular prejudice or harm will result if no protective order is granted. *Foltz v. State Farm Mut. Auto. Ins.* 331 F. 3d 1122, 1130 (9th Cir. 2003). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning should not be allowed to meet the requirements of a rule 26©) test. It is respectfully argued that in this case Defendant should be required to show how each document sought to be protected is not related to Grot's VABCA claims rather than making the blanket statement that "the documents sought can only support irrelevant and improper grounds". *Defendant's Brief at 7*. Simply put, Defendant can not do so.

The policy behind FRCP 26(b)(1) envisions that discovery be sufficiently broad to reach any unprivileged matter. A "court must be careful not to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case." *Flamingo Fishing Corp., et al., v. The United States,* 22 Cl. Ct. 625, 629 (1991); *Heat and Control, Inc. v. Hester Indus., Inc.,* 785 F.2d 1017, 1024 (Fed. Cir. 1986).

**CONCLUSION**

Grot's subpoena to Siemens requested documents which are directly

related to Grot's VABCA claims and are "reasonably necessary to afford a fair opportunity to develop and prepare the case". The fact that the documents may also be relevant to actions taken by the VA in terminating Grot's contract is irrelevant. Defendant's motion should be denied.

Respectfully submitted,
GROT INCORPORATED

By: s/ Andrew J. Kilpatrick, Jr.
Andrew J. Kilpatrick, Jr. ID#656
Gore, Kilpatrick & Dambrino, PLLC
Post Office Drawer 2900
Ridgeland, Mississippi 39158
Telephone: 601.957.3202
Facsimile: 601.057.1790
akilpatrick@gorekilpatrick.com
MSB #3763

November 10, 2006 Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 10th day of

November, 2006, I caused to be served electronically a copy of “Response of Grot, Inc. to Defendant’s Motion Quash Subpoena or, in the Alternative, for a Protective Order” to:

Joan M. Stentiford-Ulmer
Commercial Litigation Branch
Civil Division
United States Department of Justice
Classification Unit
Room 8032
100 L Street, N.W.
Washington, DC 20530

s/ Andrew J. Kilpatrick, Jr.
Andrew J. Kilpatrick, Jr.