IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GROT, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-1951C<br>(Judge Baskir) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

Defendant, United States, replies as follows to Grot's opposition to its motion to quash subpoena or, in the alternative for a protective order.[1]

## I. The Documents Sought By Grot Are Not Properly Discoverable Because They Do Not Relate to Grot's Claims That Were Consolidated With This Case

As Grot acknowledged, discovery was reopened in this case only for the purpose of allowing discovery relating to the claims transferred to this Court from the Veteran's Administration Board of Contract Appeals ("VABCA"). The documents Grot sought in its subpoena to Siemens Building, Inc. all concern the completion contract between Siemens and the

[1]The fact that Grot may already have received the documents requested under the subpoena does not make the Government's motion moot. If the Court agrees that the documents exceed the scope of re-opened discovery, Grot should be prevented from using them to support its case.

VA. Necessarily, therefore, all the documents requested concern post-termination events. Grot attempts to characterize these documents as relevant to the VABCA claims but they are not.

There were six claims pending before the VABCA that were consolidated with this case:

-- Unpaid Progress Payments;
-- Retainage;
-- Late payments;
-- Project Redesign;
-- Differing Site Condition - Manholes;
-- Fire Watch;
-- Loss of Bonding Capacity.

None of these claims is related to Siemens's experience with the completion contract, nor to any other post-termination event. Whether Grot is entitled to unpaid progress payments, retainage, or interest on late payments, is completely a matter of pre-termination events. For these claims, Grot would have to establish that it was entitled to progress payments, and further that, to the extent the Government was obligated to make payments, those payments were untimely under the terms of the contract. Siemens's completion contract has no bearing upon any of these issues.

Grot's claim for project "redesign" indicates its failure to understand

that, from the beginning of the project, the contract called for Grot to design the fire alarm/sprinkler system. Whether Grot is entitled to payment for this purportedly "additional" work is again, a matter of pre-termination contract interpretation to which the completion contract is irrelevant. Similarly, the claim for differing site conditions is related to Grot's failure to inspect the site before bidding upon the contract to know what the site conditions actually were. Siemens's knowledge of the site conditions as they existed post- termination can have no relevance as to what the conditions were a year earlier before Grot had started work upon the contract. Indeed, evidence concerning post-termination site conditions could serve only to confuse the issue of what the site conditions were over a year earlier.

The claim for fire watch involves Grot's failure to maintain an acceptable level of fire alarms in the VA facility while it was working on the contract. Again, evidence concerning whatever Siemens has installed or removed post-termination under the completion contract cannot advance Grot's claim that it should not have been required to post a pre-termination fire watch. Finally, Grot's claim that it is owed compensation because its bonding capacity has been "crippled" during this litigation is not well founded in law, Olin Jones Sand Company, 225 Ct. Cl. 741, 743-744

(1980), much less affected by Siemens's completion contract.

## II. A Protective Order Is Appropriate Here To Avoid Protracting This Litigation

A protective order is appropriate here under RCFC 26(b)(1), to prevent Grot from exceeding the Court's order that re-opened discovery was to be limited to certain areas. It is not true that we made no effort to resolve the scope of discovery dispute before moving for a protective order. Counsel exchanged letters concerning the scope of discovery in connection with Grot's intention to re-depose several of the Government's witnesses.[2] Moreover, the prescribed period for moving to quash a subpoena is only 14 days, and the Government learned of Grot's subpoena with only 4 days of that period remaining. In the circumstances, the Government's motion for protective order was not improper.

Additionally, the Government is not seeking a protective order for any particular document for which it might need to show particularized harm, but rather to avoid the inevitable delay and clouding of the remaining issues that will follow from allowing Grot to introduce the completion contractor's documents at this stage of the case. It is over 4 years since

[2]A copy of Government counsel's letter to Grot's counsel is attached to this reply.

the VA contracted with Grot for a new fire alarm system; it is enough that Grot delayed the completion of the system during the two years it misinterpreted and therefore failed to perform the contract. Grot should not be allowed to prolong this litigation by introducing irrelevant matters.

## V. CONCLUSION

For the foregoing reasons, Court should enter a protective order preventing Grot from introducing into evidence any documents or testimony concerning Siemens's performance of the Completion Contract, or other post-termination events concerning the Completion Contract.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s
FRANKLIN E. WHITE, JR.
Assistant Director

/s
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-1011
Fax: (202) 307-0972

Attorneys for Defendant

OF COUNSEL:
KENNETH MACKENZIE
Department of Veterans Affairs

Dated: November 16, 2006

CERTIFICATE OF FILING

I hereby certify that on this 16th day of November, 2006, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Joan M. Stentiford
JOAN M. STENTIFORD