**U.S. Department of Justice**

Civil Division

DMC:FEW:JMStentiford
DJ No. 154–03-1951

Telephone: (202) 616-0341
Facsimile: (202) 514-8624

*Washington, D.C. 20530*

September 13, 2006

Via E-Mail and U.S. Mail

Andrew J. Kilpatrick
Gore, Kilpatrick & Dambrino
Post Office Drawer 2900
Ridgeland, Mississippi 39158

Re: Grot, Incorporated v. United States, Fed. Cl. No. 03-1951C

Dear Mr. Kilpatrick:

I respond to your e-mail sent September 12, 2006. While it is true that the court's May 15, 2006, order does not explicitly hold that Grot, Inc. was properly terminated for default, the court did reject the substance of Grot's wrongful termination claim. The court explicitly held that the contract was not ambiguous, and further held that Grot's interpretation of the contract was not reasonable. The court held that the contract documents unambiguously required Grot to produce a comprehensive, integrated fire alarm and sprinkler system at the VA hospital in Bonham, Texas, and that this necessarily involved Grot in the design of the system.

I cannot agree that Siemens's completion performance has any relevance to Grot's claims. At the inception of the contract, Grot was given the benefit of drawings produced by Fratto to facilitate Grot's design of the fire systems. However long it took Fratto to produce the original drawings is time it should have saved Grot in adapting those drawings and incorporating the fire code and the specifications to produce the system described in the original solicitation of work. Instead, Grot immediately set off down the wrong road by taking Fratto's drawings as a finished product, and predictably encountered problems. That it has taken Siemens since 2004 to remedy the situation left by Grot is not only not relevant Grot's failure to perform, it is not even surprising. Moreover, this is explicitly not a case involving defective Government specifications; the court has already rejected that argument, thus it provides no basis for finding Siemens's completion performance relevant.

Grot's continuous questions and protests to the contracting officer stemmed from Grot's refusal or inability to understand that it was Grot's responsibility to flesh out the conceptual drawings provided by Fratto, and incorporate the contract specifications and the fire code requirements into a comprehensive fire alarm and sprinkler system. When it became

apparent that Grot was prepared only to connect-the-dots set out by someone else even though the job required independent professional judgment, the VA was entitled to conclude that Grot would never satisfactorily perform the job, and to seek another contractor to finish the job.

To the extent that you still intend to pursue a claim for wrongful termination, that is a claim on which you have already had discovery, and I am not agreeing to reopen any deposition for further questioning on that subject. It is only the claims raised in the VABCA claims that were consolidated with the Court of Federal Claims case that are open for discovery. If you wish to schedule depositions concerning claims raised in the consolidated VABCA actions, I will provide you with available dates. If you will not voluntarily sign an agreement restricting the scope of the depositions to exclude questions concerning Siemens's completion performance, I will seek a protective order to that effect from the Court. In closing, I note that plaintiff's responses to the Government's written discovery are due on September 25, 2006.

I can be reached at (202) 616-0341 if there is anything you would like to discuss.

Very truly yours,

Joan M. Stentiford