IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GROT INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. 03-1951C |
| v. | ) | (Judge Baskir) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JOINT STATUS REPORT

In accordance with the Court's June 26, 2006, order, the parties report the status of this case as follows:

The parties conducted discovery during the re-opened discovery period that ended on October 30, 2006. Also, during the re-opened discovery period, Grot issued a subpoena duces tecum to Siemens Building Technologies, Inc. ("Siemens") requesting documents relating to the re-procurement contract between Siemens and the Department of Veteran's Affairs ("VA"). The Government filed a motion to quash this subpeona or, in the alternative, for a protective order, which Grot opposed. That motion remains pending before the Court.[1]

---

[1]Given that Siemens has already produced the documents requested by Grot in the subpoena, the Court should treat the

The parties dispute whether the re-procurement contract is relevant to the issues remaining before the Court. Grot believes that the re-procurement is relevant; the Government believes that the re-procurement involves only post-termination events that have no relevance to the VA's termination of Grot from the contract or to any other issue remaining before the Court. The Court's decision upon the motion for protective order should serve to clarify the scope of the issues remaining to be decided by the Court.

The Government intends to file a dispositive motion upon the issues remaining before the Court, specifically all claims transferred from the Department of Veteran's Affairs Board of Contract Appeals and consolidated with the instant case by the Court's April 28, 2006, order, as well as whether the VA properly terminated Grot from the contract for default, given that this Court has already found that Grot's interpretation of the contract was incorrect and unreasonable. Grot believes that there are too many material issues of fact related to the termination to be addressed in a motion for summary judgment and that such a motion by either party will not result in the resolution of any remaining issues.

The Government proposes that the Court permit dispositive

---

Government's motion as a motion for protective order.

motions to be filed on or before January 29, 2007. Again, Grot does not believe such a motion to be meritorious. Notwithstanding, Grot contends that in the light of the length of time that this case has been pending, the Court should require that any dispositive motion filed by the Government be filed not later than December 30, 2006.

Following resolution of the dispositive motions, and the pending motion to quash or for protective order, the parties request that this case be set for a pre-trial conference in accordance with RCFC 16, and also be placed upon the Court's trial calendar.

Respectfully submitted,

GROT, INCORPORATED

By: Andrew J. Kilpatrick, Jr.
Andrew J. Kilpatrick Jr. ID #656
Gore, Kilpatrick, & Dambrino
PLLC
Post Office Drawer 2900
Ridgeland, Mississippi 39158
Telephone: (601) 957-1595
Facsimile: (601) 957-1790
MSB #3763
Attorney for Plaintiff

Peter D. Keisler
Assistant Attorney General

David M. Cohen
Director

s/ Franklin E. White, Jr.
Franklin E. White, Jr.
Assistant Director

s/Joan M. Stentiford
Joan M. Stentiford
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-0341
Fax: (202) 514-8624
Attorneys for Defendant

OF COUNSEL:

Kenneth MacKenzie
Veterans Administration
Litigation Attorney

November 29, 2006