**Cause No. 03-1951C**
**(Judge Baskir)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

**GROT, INCORPORATED,**

**Plaintiff,**

**vs.**

**THE UNITED STATES OF AMERICA,**

**Defendant.**

---

# PLAINTIFF'S SUPPLEMENTAL APPENDIX IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT UPON THE CLAIMS TRANSFERRED FROM THE VABCA AND UPON THE ISSUE OF WHETHER THE TERMINATION OF THE CONTRACT FOR DEFAULT WAS PROPER

---

**GROT, INCORPORATED**

**Andrew J. Kilpatrick, Jr., ID#656**
**Gore, Kilpatrick & Dambrino, PLLC**
**Post Office Drawer 2900**
**Ridgeland, Mississippi 39158**
**Tele: 601.957.1595**
**Fax: 601.957.1790**
**akilpatrick@gorekilpatrick.com**
**MSB#3763**

**Dated: April 2, 2007** **Counsel for Plaintiff**

## APPENDIX TABLE OF CONTENTS

Grot's letter of October 18, 2002 requesting building information . . . . . . . . . . . . . . 253

Affidavit of Scott McCauley . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 254-255

Pre-Construction Conference Agenda for Siemens' contract . . . . . . . . . . . . . . . 256-260

Modification One (1) to Siemens' contract with the VA dated
May 23, 2004 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 261- 262

Modification Two (2) to Siemens' contract with the VA dated
May 23, 2004 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 263-264

Modification Three (3) to Siemens' contract with the VA dated
September 23, 2004 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 265-266

Second Modification Three (3) to Siemens' subcontract with the VA
dated December 14, 2004 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 267-268

E-mail from Jon Evans to Jerry Grot dated March 25, 2003
regarding PIV's . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 269

E-mail from Jon Evans to Jerry Grot dated March 26, 2003
regarding PIV's . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 270

Grot letter of April 14, 2003 regarding PIV's . . . . . . . . . . . . . . . . . . . . . . . . . . . . 271

Mraz E-mail of October 10, 2006 with attached letter transmitting
Modification Nine (9) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 272-274

Modification Nine (9) to Siemens' contract with the VA dated
October 10, 2006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 275

Mraz letter of August 17, 2006 regarding classification of "domiciliary" . . . . . . . . . . 276

Siemens' letter of August 29, 2006 responding to Mraz letter of
August 17, 2006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 277-278

Mraz letter of September 11, 2006 responding to Siemens' letter
of August 28, 2006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 279-280

Siemens' letter of October 2, 2006 responding to Mraz directive
of September 11, 2006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 281

Mraz letter of May 27, 2005 regarding extending contract completion date . . . . 282-283

Kirk e-mail of June 9, 2005 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 284

E-mail stream of August 15, 2005 regarding Siemens' time extension . . . . . . . 285-286

E-mail stream of September 9, 2005 - September 20, 2005 on new completion date for Siemens . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 287-288

Mraz letter of October 11, 2005 requesting a new completion date from Siemens . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 289-291

Modification Seven (7) to Siemens' contract with the VA dated February 13, 2006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 292-294

Mraz letter of July 21, 2006 to Siemens issuing Cure Notice . . . . . . . . . . . . . . . 295-297

E-mail from Siemens dated July 28, 2006 with attached letter and proposed schedule responding to Cure Notice . . . . . . . . . . . . . . . . . . . . 298-305

Mraz letter of August 3, 2006 extending completion date . . . . . . . . . . . . . . . . . . 306-307

E-mail stream with Siemens' counsel regarding contract completion . . . . . . . . . . . . 308

Contracting Officer's Final Decision dated June 29, 2005 . . . . . . . . . . . . . . . . . 309-312

E-mail stream of March 2003 regarding past due payment . . . . . . . . . . . . . . . . . . . 313

Recap of contract payments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 314

Deposition excerpts of John Mraz . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 315-330

Affidavit of Jerry Grot with spreadsheet attached as Exhibit "A" . . . . . . . . . . . . . 331-337

To: VA North Texas Health Care System
Dept. of Veterans Affairs
4500 S. Lancaster Road, Bldg. 8
Dallas, Texas 75216

Date: 10/18/2002

Doc No. 17
Project: Bonham Tx -VA
2002.006
Sam Rayburn Memorial East Ninth
Bonham, Tx 75418

Attn: John Mraz
Subject: Items needed.

Dear John Mraz:

The following items have come to my attention on the project that need to be addressed. I am still requesting a meeting date with you and your people on October 22, 2002 in Dallas, to answer the following questions and concerns.

1. There has been numerous scale differences between the bid documents and actual field measurements. Please advise.
2. The owner or other persons have changed building walls and room layouts according to the bid documents and this has also taken place during the time of our mobilization on the project and as to date. Please advise.
3. Building occupancy and classification per building.
4. Please provide correct building mechanical drawings
5. Please provide correct building electrical drawings.
6. Please provide correct fire protection/sprinkler drawings.
7. Please provide floor plans that describe accurate room descriptions and utilization in each building. This will allow us to verify against the walk through.

I again request that you and your engineer and counsel attend the meeting on Tuesday, October 22, 2002, to discuss these items and resolve any other problems that may arise. In meeting, we shall be able to reduce the amount of time and unnecessary extra work, thus reducing the amount of the claim against the owner.

I still maintain that the design of the project by the contractor is outside the scope of the bid documents and still reserve my rights to seek equitable adjustments to the contract.

Please contact my office to confirm date and time for the above referenced meeting.

Sincerely,
Grot, Incorporated

Jerry Grot
President

cc: Andrew J. Kilpatrick, Gore, Kilpatrick, Purdy & Metz

AFFIDAVIT OF SCOTT MCCAULEY

STATE OF TEXAS

COUNTY OF Dallas

PERSONALLY CAME AND APPEARED BEFORE ME the undersigned authority in and for the above said county and state, the within named Scott McCauley who, after being by me first duly sworn on oath by me did depose and say as follows, to-wit:

1. That I am Scott McCauley and I make this affidavit of my own personal knowledge being fully competent to testify to the matters and facts contained herein; and

2. That I am employed by Siemens Building Technologies, Inc. ("Siemens"); and was so employed by Siemens during construction of the project generally referred to as "Campus-Wide Fire Alarm, Project No. 099-108 at the Sam Rayburn Memorial Veterans Center, East Ninth and Lipscomb Street, Bonham, Texas" (the "Project"); and

3. That following award of the contract for the Project to Grot, Inc. ("Grot") Siemens and Grot entered into a subcontract whereby Siemens was to provide, among other things, technical assistance, equipment, working drawings and system design for installation of the fire alarm system in accordance with the plans, specifications and drawings provided by the VA; and

4. That by letter of August 7, 2003, the VA terminated Grot's contract on the Project; and

5. That at the time Grot was terminated by the VA, the fire alarm system design for the Project was in full compliance with technical requirements of the contract including the plans, specifications, drawings and system design requirements including compliance with Chapter 13 of NFPA 101 (1997 Edition) and NFPA 72 (1996 edition); and

6 That at the time Grot was terminated by the VA, Grot, through Siemens, was providing adequate fire alarm protection for buildings 1, 2, 3, 24 and 29, and

7. That subsequent to the termination of Grot, Siemens negotiated a contract with the VA for completion of the Project, and

8 That at the time of the construction of the Project by Grot, I was a NICET Level III Certified Fire Alarm Technician and am now a NICET Level IV Certified Fire Alarm Technician and am fully competent to testify to the adequacy of the design of the system and to testify that the system as designed met the plans, specifications, drawings and system design requirements including compliance with Chapter 13 of NFPA 101 (1997 Edition) and 72 (1996 edition).

FURTHER AFFIANT SAYETH NOT.

Scott McCauley

SWORN TO AND SUBSCRIBED BEFORE ME this the 30 day of MArch, 2007.

Notary Public

My Commission Expires:
OCT 21 2007

MICHAEL D. PRIEST
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
OCTOBER 21, 2007

PRE-CONSTRUCTION CONFERENCE
Contract No. V549C-667-4
Bonham Fire Alarm System Contract

1. RESPONSIBILITIES

a. The Contracting Officer administers the contract from a legal, administrative and technical standpoint.

b. The Project Engineer has been appointed a technical representative of the Contracting Officer to handle technical matters. For this project, Ricky Kirk will be the Primary COTR, and in his absence, the Alternate COTR will be either Mel Harrison or Chris Forner. The Contractor is furnished a copy of the COTR Delegation of Authority document, which specifically lists the duties, responsibilities and limits of authority of the COTR's. Negotiations concerning changes in work, pricing or extension of time must be approved by the Contracting Officer.

c. The Contractor is responsible for performing the contract in accordance with all terms and conditions.

2. SUBMISSION OF SCHEDULE OF COSTS

The Contractor shall submit his Schedule of Costs to the Contracting Officer within thirty (30) calendar days after date of receipt of notice to proceed (=4/4/02). Such schedule shall include a complete breakdown of the total contract price and show amounts for each principal category of work. See General Conditions Clause 852.236-82, Payments Under Fixed-Price Construction Contracts (Without NAS).

3. SCHEDULE OF WORK PROGRESS CHART

The Contractor shall submit a Schedule of Work Progress to the Contracting Officer along with the Schedule of Costs. VA Form 08-6159 or a substitute may be used. The bar graph will show the contract time along the horizontal axis and specific items of work along the vertical axis. The same breakdown of work used for the Schedule of Values will be used for the Schedule of Work. Two (2) copies are needed and must be signed by Contractor. See General Conditions Clause 852.236-84.

4. LABOR STANDARDS PROVISIONS

The Contractor is required to conform with Department of Labor policies including Davis-Bacon Act, Contract Work Hours Standards Act, etc., which are contained in the Labor Standards Provisions Section of this contract. In accordance with these requirements, the Contractor shall:

a. Pay all employees performing work on site at least the minimum hourly wages and fringe benefits specified in this contract. Post the following in employee work areas at the site: Department of Labor Form WH-1321, Notice To All Employees Working on Federal or Federally Financed Construction Projects, as well as a copy of General Wage Decision No TX010060, Modification No 5 dated 11/16/01.

b. Pay employees weekly.

c. Pay time and one half for work in excess of 40 hours per week.

d. Pay apprentices an appropriate percentage of the journeyman rate as specified in DOL approved apprentice programs.

e. Ensure subcontractors comply with all DOL policies specified in the contract.

f. Submit an original and one copy of weekly payrolls on the prescribed form (WH 347) or acceptable substitute. Include certificates of registration on apprentices and trainees. Also includes the "no work" week.

g. The Government may withhold monies from progress payments if the Contractor or any of his subcontractors fail to pay required wages and overtime.

h. Permit the COTR, Contracting Officer or Dept of Labor representatives to interview employees about wages

i. Maintain pay records, including certificates for trainees and apprentices, for three (3) years after contract completion. These records may be examined by the U.S. Comptroller General.

j. Notify the Contracting Officer if you or any of your subcontractors will be using a craft or trade not listed on the general wage decision of the contract. It is the Contractors responsibility to request the craft/trade be conformed, or added to, the wage decision.

k. Usually, on site supervisors need not be included on certified payrolls. However, if the supervisor spends 20% or more of his time, in any one trade/craft, such time and trade will be shown on the payroll.

l. In the event the Contractor or subcontractor pays his employees fringe benefits into approved benefit plans or programs, he shall indicate such on the payroll certification section, and will include a complete listing of the items and amounts per hour contributed in the "REMARKS" section of the certification statement.

5. EQUAL OPPORTUNITY AND AFFIRMATIVE ACTION

Contractors shall not discriminate in their hiring practices because of race, color, religion, sex or national origin. Failure to comply with the equal opportunity clause may result in suspension or termination. This also applies to subcontractors. See General Conditions Clause 52.222-26 (incorporated by reference). The Contractor shall also implement and comply with the Affirmative Action programs required by General Conditions Clauses 52.222-27, 52.222-35 and 52.222-36, also incorporated by reference.

6. SMALL BUSINESS PARTICIPATION

The prime Contractor should give preference to small business and minority-owned firms when subcontracting. See General Conditions Clause 52.219-8 (incorporated by reference).

7. BUY AMERICAN ACT

The Contractor shall use only domestic products. See General Conditions Clauses 52.225-5, VAAR 825.108 and 852.236-89.

8. SUBMITTALS

Required samples, literature, shop drawings and other submittals shall be furnished to the COTR for review and approval prior to incorporation into the work. Submittals will be reviewed by the A/E in an advisory capacity to the Government. See Section 01340, Samples and Shop Drawings, and individual Specification Sections for items to be submitted, number of copies and type of media (i.e. mylar, blueline, etc.).

9. TAXES

The contract price includes all applicable local, state and federal taxes. "Applicable" does not include taxes that the Federal Government is exempt from, such as some state and local sales taxes. The contract price shall not include state sales taxes on any labor or materials furnished by the prime or subcontractors. State sales tax shall be included on equipment rentals and consumable items not incorporated into the work, in accordance with Texas state law. See General Condition Clauses 52.229-3 and 52.229-5 (incorporated by reference).

10. GUARANTEES

This contract includes a one year general warranty on all work and equipment, commencing on the acceptance date. See General Conditions Clause 852.236-75.

11. PROGRESS PAYMENTS

This contract authorizes payments monthly as the work progresses. Submit your monthly billings to the Contracting Officer. The signed Contractor certification required by General Condition Clause 52.232-5 must be submitted with the pay request, as are certified payrolls and any other items required such as evidence of bond payments, and an updated Schedule of Work Progress. Under the prompt payment act, Progress Payments are due 14 days after receipt of the payment request. Final payment is due 30 days after receipt of Contractor payment request, and after 1) final inspection performed, 2) punch list items are completed, 3) Contractor submits Release of Claims and 4) Government has made final acceptance. See General Conditions Clauses 52.232-5, 52.232-27 and 852.236-82

12. CHANGES

The Contracting Officer may at any time, without notice to the sureties or consent of the Contractor, make changes in the work within the general scope of the contract, as specified in the changes clause of this contract. If such changes cause an increase or decrease in the Contractor's cost of, or the time required for, the performance of any part of the work under this contract, an equitable adjustment shall be made and the contract modified in writing. (See General Conditions Clause 52.243-4.) However, bilateral agreement is generally desired prior to executing contract modifications. If requested by the COTR or Contracting Officer, the Contractor shall submit a proposal for the requested change in work. The proposal shall include a complete breakdown of labor, materials, subcontracts, overhead profit and fees (except for proposals less than $1,000), copies of signed subcontractor proposals, and shall be prepared and submitted in accordance with General Conditions Clause 852.236-88. If the Contractor desires to submit a claim for work he feels is a change to the contract, he must make the assertion within 30 days. The Contractor is reminded that he may not exceed any of the allowance items in the contract without a change authorization being issued by the Contracting Officer. Prices for the additional work will be the unit prices bid and awarded in the contract

13. DISPUTES

The Contractor may submit a claim as a result of a dispute. The discussion as to settlement of the claim will be up to the Contracting Officer and her decision is final. See General Condition Clause 52.233-1, Alternate I.

14. DIFFERING SITE CONDITIONS

The Contractor must notify the Contracting Officer or COTR before any differing site conditions are disturbed. We will investigate the matter and determine if a modification to the contract is needed. If condition is discovered that appears to be asbestos, do not disturb the material. Notify the COTR or Contracting Officer immediately. See General Conditions Clause 52.236-2.

15. MATERIAL AND WORKMANSHIP

All materials shall be new. Any reference to trade names in the contract will not be construed as limiting competition. All work shall be completed in a workmanlike manner. See General Condition Clause 52.236-5.

16. SUPERVISION

The Contractor shall be responsible for proper supervision at all times. The supervisor or superintendent should closely coordinate all his actions and plans with the COTR. See General Condition Clause 52.236-6, Superintendence by the Contractor.

17. PERMITS AND RESPONSIBILITIES

The Contractor shall obtain necessary permits to perform the work of the contract, and will take all necessary precautions to protect the safety and health of his employees. See General Condition Clause 52.236-7.

18. SAFETY AND ACCIDENT PREVENTION

The Contractor is responsible for ensuring the safety of his employees, and of the staff, visitors and patients of this Medical Center. He must comply with federal safety standards, which are referenced in General Condition Clause 52.236-13. The contractor must also obtain a "Hot Work Permit" prior to use of any kettles or tar heating devices, or cutting or welding apparatus (see General Requirements, 01010, Article 1.4, Para. Q.) A copy of the VANTHCS Hot Work Policy and Permit are being provided today. The COTR will act as the contract Safety Officer, and will monitor and enforce compliance with federal safety standards. Periodic safety inspections of the construction site may be made by VA Safety Section personnel. These inspections are for observation only, as these personnel have no authority to direct the Contractor. VA Safety Section personnel will report any safety violations to the COTR for action. See also General Conditions Clause 852.236-87, and the COTR Delegation of Authority. The Contractor is also required to list all hazardous materials to be used on the job site and submit one Material Safety Data Sheet (MSDS) on each. See General Conditions Clause 52.223-3.

19. SPECIFICATIONS AND DRAWINGS

In case there is a conflict between the specifications and drawings, the specifications shall govern. In case of a suspected error, the Contractor should submit the problem in a letter to the Contracting Officer for resolution. See General Conditions Clauses 52.236-21 and 852.236-71

20. INSPECTION AND ACCEPTANCE

The Contractor is responsible for conducting his own quality assurance inspections to ensure all work is completed in accordance with contract requirements. In addition, all work and materials are subject to inspection by the Government. The Contractor shall notify the COTR at least one week in advance prior to proceeding with any work that will cover other new work. The VA may conduct inspections at other times, and inspections may be conducted by the Architect/Engineering firm in an advisory capacity to the VA. The Contractor shall replace any work or materials that do not conform to the contract requirements. Failure of the Contractor to replace faulty materials may result in the Government doing the work and charging the Contractor for the expense. See General Conditions Clause 52.246-12.

21. TIME EXTENSIONS

If the Contractor cannot complete on time, he must submit a request for time extension to the Contracting Officer prior to the completion date. Such request shall include reasons why extension is desired along with any pertinent information. If the Contracting Officer finds that the reasons presented are excusable, she will grant an extension. However, if the Contracting Officer finds that the delay is not excusable, she will require consideration be provided in return for a time extension. See General Conditions Clause 52.249-10, Default. Please note that inclement weather will not be allowed as an excusable delay unless the Contractor furnishes evidence from the National Weather Service to show that such weather is unusually severe. See General Conditions Clause 852.236-91.

22. TERMINATION FOR DEFAULT

If the contractor fails to perform this contract in accordance with its terms and conditions, the Government may terminate for default. In such event, the Government will hold the surety liable. Reasons for default may include failure to complete work on time or failure to make adequate work progress. See General Conditions Clause 52.249-10.

23. DAILY REPORT

Of workmen, materials used and work performed, will be furnished to the COTR. Contractor may use VA Form 08-6131, or other document containing the required information. See General Conditions Clause 852.236-79.

24. FINAL INSPECTION

Final inspection will be made when the work is ready for beneficial use or occupancy. The Contractor is to advise the COTR in writing 15 days before final inspection is desired. The job will be checked and a punch list prepared of items requiring correction. See General Condition Clause 852.236-74. Please note that final inspection and final clean up shall take place before the contract completion date (see General Conditions Clause 52.211-10).

25. SAFEGUARDING OF TOOLS AND EQUIPMENT

The Contractor is responsible for safeguarding his tools and equipment to prevent theft or damage. See General Requirements 1.5 Operations and Storage Areas.

26. VA receiving dock and personnel cannot be used for Contractor supplies or equipment.

27. DEBRIS REMOVAL is the Contractors responsibility. May not use VA waste containers. No sales or giveaways on VA grounds.

28. HOURS OF WORK

Shall be 8:00 a.m. to 4:30 p.m. Monday through Friday, except federal holidays. Permission to work other than these hours must be obtained from the COTR.

29. CONTRACT COMPLETION TIME

Is one hundred and eighty (180) days calendar days. It begins today when you sign the Notice to Proceed. The contract completion date is November 6, 2004.

John Mraz
Contracting Officer

# AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT

| | | | |
|---|---|---|---|
| 1 | 2 | | |

| 2. AMENDMENT/MODIFICATION NO. | 3. EFFECTIVE DATE | 4. REQUISITION/PURCHASE REQ. NO. | 5. PROJECT NO. (If applicable) |
|---|---|---|---|
| Modification One (1) | 23 May 04 | | |

6. ISSUED BY CODE 549 / 90C

Contracting Officer (90C)
VA North Texas Health Care System
Dallas VA Medical Center 4500 South Lancaster Rd.
Dallas, TX 75216

7. ADMINISTERED BY (If other than Item 6) CODE

Same as Item 6

8. NAME AND ADDRESS OF CONTRACTOR (No. Street, county, State and ZIP Code)

Siemens Building Technology
Fire Safety Division
8600 N. Royal Lane
Suite 100
Irving, TX 75063

CODE FACILITY CODE

(4) 9A. AMENDMENT OF SOLICITATION NO.

9B. DATED (SEE ITEM 11)

X 10A. MODIFICATION OF CONTRACT/ORDER NO.
V549C-667-4

X 10B. DATED (SEE ITEM 13)
7 May 04

## 11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offers extended, X is extended.

Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods:

(a) By completing Items 8 and 15, and returning one (1) copy of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATA SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and data specified.

12. ACCOUNTING AND APPROPRIATION DATA (If required)

## 13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS, IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

| (4) | |
|---|---|
| | A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A. |
| | B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(b). |
| | C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF: |
| X | FAR Change Order |

Siemens shall perform the work for Modification 1 in accordance with the SOW on page 2. The cost of Modification I shall be $12,200.00. Modification I will extend the completion date by 15 days.

All other terms and conditions remained unchanged.

| 15A. NAME AND TITLE OF SIGNER (Type or print) | | 16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print) | |
|---|---|---|---|
| Scott McCauley District Mngr | | John Mraz, Contracting Officer | |
| 15B. CONTRACTOR/OFFEROR [signature] (Signature of person authorized to sign) | 15C. DATE SIGNED 5/27/04 | 16B. UNITED STATES OF AMERICA BY [signature] (Signature of Contracting Officer) | 16C. DATE SIGNED 23 May 04 |

NSN 7540-01-152-8070
PREVIOUS EDITION UNUSABLE

30-105
Computer Generated

STANDARD FORM 30 (REV. 10-83)
Prescribed by GSA

Scope of Work:

.ie additional scope of work is as follows:

1 Raise PIV located at Bldg. 1
1 Raise PIV located at Bldg 11 (Energy Center)
Add a PIV barrel extentions to each barrel
Excavation of soil
Saw cut and removal of concrete as required
Replacement of soil and concrete
Haul off debris
Equipment and Labor

1 This proposal is based on the site underground utilities being located and verified by the VA Bonham staff.

2. This proposal is based on NO obstructions being in the way of the excavation.

**Time Extension Request for the Scope of Work:**
**15 workdays**

*Siemens' scope will include the following:*

- Labor and Equipment
- Concrete Repair
- On site Barricading around excavation
- On Site Supervision
- Final Testing & Certification

One (1) year warranty
Standard Invoice Billing

*Siemens' scope EXCLUDES the following:*

- Marking and location underground utilities and structures
- Repair or replacement of unmarked underground utilities or structures.
- Repairs of damage done by others.
- Rock excavation

# AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT

1 | 2

2. AMENDMENT/MODIFICATION NO.: Modification Two (2)

3. EFFECTIVE DATE: 23 May 04

4. REQUISITION/PURCHASE REQ. NO.:

5. PROJECT NO. (If applicable):

6. ISSUED BY — CODE 549 / 90C
Contracting Officer (90C)
VA North Texas Health Care System
Dallas VA Medical Center 4500 South Lancaster Rd
Dallas, TX 75216

7. ADMINISTERED BY (If other than Item 6) — CODE
Same as Item 6

8. NAME AND ADDRESS OF CONTRACTOR (No. Street, county, State and ZIP: Code)
Siemens Building Technology
Fire Safety Division
8600 N. Royal Lane
Suite 100
Irving, TX 75063

CODE | FACILITY CODE

(4) 9A. AMENDMENT OF SOLICITATION NO.

9B. DATED (SEE ITEM 11)

X 10A. MODIFICATION OF CONTRACT/ORDER NO.: V549C-667-4

X 10B. DATED (SEE ITEM 13): 7 May 04

## 11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offerss extended, X ]is extended.

Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods:

(a) By completing Items 8 and 15, and returning one (1) copy of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATA SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

12. ACCOUNTING AND APPROPRIATION DATA (If required)

## 13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS, IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

| (4) | |
|---|---|
| | A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A |
| | B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(b). |
| | C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF: |
| X | FAR Change Order |

Siemens shall perform the work for Modification II in accordance with the SOW on page 2. The cost of Modification II shall be $37,500.00. Modification II will extend the completion date by 45 days. The new completion date has been extended 60 days to cover Modification I (15 days) and Modification II (45 days). The new contract completion date is January 4, 2005.

All other terms and conditions remained unchanged.

15A. NAME AND TITLE OF SIGNER (Type or print): Scott McCauley District Manager

16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print): John Mraz, Contracting Officer

15B. CONTRACTOR/OFFEROR: [signature] (Signature of person authorized to sign)

15C. DATE SIGNED: 5/27/04

16B. UNITED STATES OF AMERICA BY [signature] (Signature of Contracting Officer)

16C. DATE SIGNED: 23 May 04

Scope of Work:

he proposed fire alarm system incorporates the following equipment:

| | |
|---|---|
| 69 | Smoke Detectors |
| 69 | Audible Bases |
| 2 | Space Age Remote Graphic Annunciator |
| 2 | Power Supplies and relays |
| Lot | Connection to Siemens Fire Alarm System |
| Lot | Power limited wire |
| Lot | Conduit, back boxes and supports |
| Lot | Engineering, Test, Inspection, and Programming |
| Lot | Installation of above materials |
| Lot | NICET III certified tech on site supervision |

1 As-built drawings will be provided for newly installed wire and conduit only, unless as-built drawings for currently installed wire and conduit are provided to Siemens Building Technologies.

2 The Proposal is based on reasonable access to patient rooms for the conduit and device installation, testing and certifications. The scheduling shall be coordinated with the VA staff prior to installation.

Time Extension Request for the Scope of Work:
45 workdays

*Siemens' scope will include the following:*

- Equipment (panels, relays, power supplies & field devices)
- 120vac Connections
  The wire, conduit, boxes, labor to pull the wire, and mount the devices
- Final connections in the control panel
- Programming
- Project management
- Engineering
- CAD drawings
- Submittals
- O&M manual
- Final Testing & Certification
- One (1) year warranty
- Standard Invoice Billing (Net 30)

AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT | 1 | 1

AMENDMENT/MODIFICATION NO: Modification Three (3)
3 EFFECTIVE DATE: 09/23/04
4 REQUISITION/PURCHASE REQ. NO
5 PROJECT NO (If applicable)

6 ISSUED BY — CODE 549 / 90C
Contracting Officer (90C)
VA North Texas Health Care System
Dallas VA Medical Center 4500 South Lancaster Rd
Dallas, TX 75216

7 ADMINISTERED BY (If other than Item 6) — CODE
Same as Item 6

8 NAME AND ADDRESS OF CONTRACTOR (No. Street, county, State and ZIP Code)
Siemens Building Technology
Fire Safety Division
8600 N. Royal Lane
Suite 100
Irving, TX 75063

CODE — FACILITY CODE

(4) 9A AMENDMENT OF SOLICITATION NO.
9B DATED (SEE ITEM 11)
X 10A MODIFICATION OF CONTRACT/ORDER NO: V549C-667-4
X 10B DATED (SEE ITEM 13): 7 May 04

11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offerss extended. X ]is extended.

Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods:

(a) By completing Items 8 and 15, and returning one (1) copy of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATA SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and data specified.

12 ACCOUNTING AND APPROPRIATION DATA (If required)

13 THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS,
IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

| (4) | |
|---|---|
| | A THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO IN ITEM 10A |
| | B THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(b). |
| | C THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF: |
| X | FAR Change Order— |

E. IMPORTANT: Contractor [ ] is not, [X ] is required to sign this document and return one (1) copies to the issuing office.

The contractor, Siemens, shall perform the work listed below, under Contract V549C-667-4.

1. In accordance with Siemens Proposal Number 340463-626, the contractor shall remove and relocate PIV and underground valve in Building 10 for a cost of $51,500.oo; and
2. In accordance with Siemens Proposal Number 340463-727, the contractor shall replace/repair the wall back to a construction joint/corner as needed in Buildings 3 & 10 and 24 for a cost of $11,000.00

The grand total cost of Modification ~~Two (2)~~ 3 shall be $62,500.00.

All other terms and conditions remained unchanged.

15A. NAME AND TITLE OF SIGNER (Type or print): Scott McCauley District Mngr

16A NAME AND TITLE OF CONTRACTING OFFICER (Type or print): John Mraz, Contracting Officer

15B CONTRACTOR/OFFEROR: [signature] (Signature of person authorized to sign)

15C DATE SIGNED: 9/28/04

16B UNITED STATES OF AMERICA BY [signature] (Signature of Contracting Officer)

16C DATE SIGNED: 23 Sep 04

NSN 7540-01-152-8070 PREVIOUS EDITION UNUSABLE — 30-105 Computer Generated — STANDARD FORM 30 (REV 10-83) Prescribed by GSA

Siemens Building Technologies, Inc.
SUBCONTRACT WORK ORDER

To: Barton Builders
1312 Gilcrest Street
Fort Worth, TX 76111

Subcontract No.: 1040-001
Date: 10/6/2005
P.O. Number 234.1010054

Project Name: Bonham VA
Sheet 1 of 1

Description of the Work:

1. All labor and material to conform to the project plans, drawings, specifications, terms and conditions contained or incorporated in the Contract between Contractor and the Customer (collectively the "Subcontract Documents), which are incorporated by this reference excluding only such terms and conditions which by ordinary and reasonable rules of construction are not applicable to the portion of the Project being performed by the Subcontractor. Except where it clearly appears from a careful reading of an individual clause that the Customer has a particular and direct interest in this Subcontract, Subcontractor agrees to be bound thereby in the same manner as if Subcontractor were the named "Contractor" (or such other equivalent term as used therein) in the Contract and Contractor were the "Customer" (or such other equivalent term as used therein) and the word "Subcontractor" therein were the lower-tier subcontractor of Subcontractor. All work to be performed in accordance with the project plans and specifications, and to be completed per the job construction schedule requirements per contract # 1040.
2. Furnish and install all necessary labor, conduit, junction boxes, wire, and material as required.
3. All work to be done in a neat workmanlike manner to the satisfaction of Bohnam VA and Siemens Building Technologies, Inc., Building Automation.
4. All work to be performed in accordance with the Local and National Electrical Codes.
5. Subcontractor is responsible for removal and disposal of all construction debris related to work of this subcontract.
6. Subcontractor to provide all necessary permits required to perform the work.
7. Subcontractor shall commence work on 9/26/2005 and shall prosecute the work diligently and shall complete all work no later than 9/30/2005.
8. Bond Requirements per specifications are not required.
9. Liquidated Damages per specifications are not applicable.
10. Certified payroll reports per specifications are not required.
11. Performance Damages per specifications are not applicable.
12. Invoices are to reference the Subcontract Number: 1040-001, Job Name: Bonham VA and Siemens Building Technologies, Inc., Job Number 767502.
13. All progress Payments due on the 10th of each month.
14. A certificate of insurance must accompany this Work Order.
15. A Partial Lien Release will need to be sent to the Project Manager (via fax or e-mail) along with a copy of the invoice.
16. Invoices must be submitted according to the new procedure attached.
17. All conduit penetrations through fire-rated walls will be caulked.
18. Refer to the attached Scope of Work.

Contract Amount $ 800.00

ALL LABOR AND MATERIAL TO CONFORM TO SPECIFICATIONS

All Terms and Conditions of the MASTER AGREEMENT 1040, dated 10/6/2005, between Barton Builders and Siemens Building Technologies, Inc., is part of this order and fully incorporated by reference.

Where no amount is stated in this order and the order states that the work shall be done on time and material basis, you must have our representative sign your time and material daily, giving our representative a duplicate copy of the ticket.

THIS IS A CONTRACT AND ALL THREE COPIES MUST BE SIGNED, DATED AND RETURNED TO US WITHIN 7 DAYS OF THE DATE OF THIS ORDER. A CURRENT, VALID COPY OF A PROPERLY EXECUTED INSURANCE CERTIFICATE MUST BE IN OUR OFFICE BEFORE STARTING WORK ON THIS PROJECT.

Contractor: Siemens Building Technologies, Inc.
Authorized Signature: Bob Lukowich
Title: SBT Operations Manager, Solutions
Date: 10/14/05

Subcontractor: Barton Builders
Authorized Signature: Mark Barton
Title: Owner
Date: 10-11-05

**AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT** | 1 | 3

| | | | |
|---|---|---|---|
| 2. AMENDMENT/MODIFICATION NO. Modification Three (3) | 3. EFFECTIVE DATE 12/14/04 | 4. REQUISITION/PURCHASE REQ. NO. | 5. PROJECT NO. (If applicable) |
| 6. ISSUED BY CODE 549 / 90C<br>Contracting Officer (90C)<br>VA North Texas Health Care System<br>Dallas VA Medical Center 4500 South Lancaster Rd<br>Dallas, TX 75216 | | 7. ADMINISTERED BY (If other than Item 6) CODE<br>Same as Item 6 | |

8. NAME AND ADDRESS OF CONTRACTOR (No. Street, county, State and ZIP: Code)

Siemens Building Technology
Fire Safety Division
8600 N. Royal Lane
Suite 100
Irving, TX 75063

CODE | FACILITY CODE

| (4) | |
|---|---|
| | 9A. AMENDMENT OF SOLICITATION NO. |
| | 9B. DATED (SEE ITEM 11) |
| X | 10A. MODIFICATION OF CONTRACT/ORDER NO. V549C-667-4 |
| X | 10B. DATED (SEE ITEM 13) 7 May 04 |

## 11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offers extended, X ]is extended.

Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods:

(a) By completing Items 8 and 15, and returning one (1) copy of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATA SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and data specified.

12. ACCOUNTING AND APPROPRIATION DATA (If required)

## 13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS, IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

| (4) | |
|---|---|
| | A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A |
| | B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(b). |
| | C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF: |
| X | FAR Change Order |

E. IMPORTANT: Contractor [ ] is not, [X ] is required to sign this document and return one (1) copies to the issuing office.

The contractor shall perform the work in accordance with the Statement of Work (SOW) found on pages 2 and 3 of this modification. The cost of Modification Three (3) shall be $2,500.00.

In addition, the performance period for Contract V549C-667-4 has been extended through March 6, 2005.

All other contract terms and conditions remain unchanged.

| | | | |
|---|---|---|---|
| 15A. NAME AND TITLE OF SIGNER (Type or print) | | 16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print)<br>John Mraz, Contracting Officer | |
| 15B. CONTRACTOR/OFFEROR<br>[signature]<br>(Signature of person authorized to sign) | 15C. DATE SIGNED | 16B. UNITED STATES OF AMERICA<br>BY [signature]<br>(Signature of Contracting Officer) | 16C. DATE SIGNED<br>6 Jan 05 |

NSN 7540-01-152-8070
PREVIOUS EDITION UNUSABLE

30-105
Computer Generated

STANDARD FORM 30 (REV. 10-83)
Prescribed by GSA

**SIEMENS**

GSA Contract # 07F8728D

## Bonham VA Proposal – Add Orders - Fire Alarm

| | | | |
|---|---|---|---|
| To | Mel Harrison | From | Raymond Patterson |
| Company | Bonham V.A. Medical Center | Department | Sales |
| | | Fax | 972-751-1194 |
| Fax | 214-857-0204 | Telephone | 972-929-5044 |
| Telephone | 214-857-0203 | Proposal # | 340463-306 |

Project: Bonham Bldg. 2, Medical Records -- Smoke Detector Add, Bldg. 9, PIV modifications

Proposal: We propose to furnish and install Siemens Fire Safety equipment as listed in the Scope Of Work.

Our pricing is as follows:

'et Price: $ 2,500.0

Remarks:

1. This proposal does include low voltage fire alarm wiring and mounting of device
2. This proposal does include conduit, and boxes
3. The following addendums are included in this proposal:
   Addenda: N/A

Proposal Accepted:
Siemens Building Technologies, Inc. is authorized to proceed with the work as proposed

Proposal Submitted:
Siemens Building Technologies, Inc., Fire Safe

| | | | |
|---|---|---|---|
| Purchaser | Dallas VA, Dallas TX | Seller | Siemens Building Technologies, Inc |
| By | John Munoz | By | Raymond Patterson |
| Title | Contracting Officer | Title | Sales Representative |
| te | 6 Jan 05 | Date | November 21, 2004 |

2005-02-28 10:55am From-VHANTXDAL +2143021416 T-525 P 006/006 F-011

**Jerry Grot**

**From:** Jon C. Evans [jon@grotinc.com]
**Sent:** Tuesday, March 25, 2003 5:42 PM
**To:** Jerry N. Grot
**Cc:** Clyde Bell; Rick Kirk
**Subject:** Daily report

I spoke with Rick Kirk this morning about my daily report from yesterday. Rick said that he had contacted the Engineer's from Fratto, and that Fratto had said that it was there intent for us to replace, or modify the PIV's so that the could connect to our new Fire Alarm system. I disagree with Fratto's position on the PIV's, and I feel they are a Differing Site Condition with respect to the original bid documents and specifications. Also we worked on pulling in the quad rated cable to the outlying buildings today. We were able to complete most of the pulls today, and will finish pulling wire tomorrow. I spoke with Rick yesterday about pulling some of the wire through the 4" conduit system. I asked Rick if I could pull the wire in a conduit that already contained a telephone cable in two different locations. Rick said that it would be ok to do so as long as the Fire Alarm cable didnt interfere with the phone's, and the phones didnt interfere with the Fire Alarm sytem. I ask Rick if we could do this so as to speed up the process of bringing some of the buildings that are fed from the manholes that are in question of being hazardous.

**Jerry Grot**

---

**From:** Jon C. Evans [jon@grotinc.com]

**Sent:** Wednesday, March 26, 2003 5:22 PM

**To:** Jerry N Grot

**Cc:** Rick Kirk; Clyde Bell

**Subject:** Daily report

Today we completed our wire pulls on the North end of campus, and Monty was onsite installing devices in building 10. Rick asked me why the PIV's were a Differing Site Condition this morning, so I explained to him Grot's position. Rick asked me to get our office to write a letter stateing our position on the PIV's

To: VA North Texas Health Care System
4500 S. Lancaster Road, Bldg. 8
Dallas, Texas 75216

Date: 4/14/2003

Doc No. 25
Project: Bonham Tx.-VA
2002.006
Sam Rayburn Memorial East Ninth
Bonham, Tx 75418

Attn: John Mraz
Subject: Post Indicator Value
Different Site Conditon

Dear John Mraz:

This is to inform you that we have encountered a different site condition on the project dealing with the Post Indicator Values (PIV). There are numerous PIV's on the project that will not accept a supervisory switch as listed in the specifications section 13850-19 G paragraph 2. Mr. Kirk's response as stated in Jon Evans email, dated March 25, 2003, states that Mr. Kirk spoke to the engineering company, Fratto, and they have stated that it was their intent for the contractor to replace or modify the devices. However the intent was not conveyed in the specifications. If this were the intent of the owner and their engineering company the specifications would have said "furnish and install."

If this problem is not corrected the present PIV's will not be supervised by the new system.

Please advise on action needed.

Sincerely,
Grot, Incorporated

Jerry Grot
President

cc: Andrew J. Kilpatrick, Gore, Kilpatrick, Purdy & Metz

**Trevino, Catherine (SBT US)**

**From:** Mraz, John P. [John.Mraz@va.gov]
**Sent:** Tuesday, October 10, 2006 2:25 PM
**To:** bob.luczkowiak@siemens.com; Waldrop, Larry C.
**Cc:** Ballard, Charles; Forner, Chris; Harrison, Melvin; Kirk, Rickey L.; Dearing, Adam C.
**Subject:** Contract Extension for the Bonham Fire Alarm Project
**Attachments:** Siemens Ltr Contract Ext 11 Oct 06.doc; Siement SF30 Contract Extendion 11 Oct 2006.doc

Bob:

Attached for your review are copies of my response to your letter dated 2 Oct 2006 and Modification Nine (9), which extends your contract through February 28, 2007. Pleas sign Modification Nine (9) and return to me. In addition, I faxed signed copies of both documents to (972) 751-1194. Please, e-mail receipt of this e-mail.

Thanks,

John

October 10, 2006

Department of Veterans Affairs
North Texas Veterans Health Care System
Dallas Veterans Medical Center
4500 S. Lancaster Road
Building 8
Dallas, TX 75216

Mr. Robert Luczkowiak
SBT Operations Manager
Siemens
8600 N. Royal Lane
Irving, TX 75063

Subject: V549C-667-4
Design/Install Fire Alarm System, Bonham, TX

Dear Mr. Robert Luczkowiak:

This letter is written in response to your letter of October 2, 2006 in which you "respectfully disagreed with the VA's conclusion that Building 24 is a domiciliary that requires replacement of the existing smoke detectors with addressable devices." You stated in your letter that "despite this disagreement, Siemens will make every reasonable effort to complete the VA's request as soon as practicable." The Government appreciates your cooperation in this matter and again, I remind you that upon completion of the project you have the right to file a claim against the Government for any and all compensatory damages you feel that Siemens may have suffered as a result of my earlier decision which directed Siemens "to replace the existing stand-alone smoke directors located in Building 24 at the Bonham VA facility with addressable smoke detectors."

As a result of the above, the VA will honor your request for another extension of Contract V549C-6674. The new completion date for the contract shall be February 28, 2007. The Government does not relinquish its right to seek compensatory damages caused by Siemens inexcusable delay. Moreover, the new contract completion date re-establishes the Government's right to terminate for default should Siemens fails to complete said contract by February 28, 2007.

Furthermore, in granting the inexcusable contract extension the Government requests the following consideration: (1) Training for three (3) people in "Energy Management Systems"; and (2) An extension of the Guarantee Period Services from three (3) years to four (4) years. I am aware that your potential claim against the Government and the Governments request for consideration in this matter may well be held in abeyance and resolved only after contract completion.

Please sign Modification Nine (9), which extends Contract V549C-667-4 through February 28, 2007 and return to me.

In an unrelated matter, I have received complaints from Ricky Kirk, the Contracting Officer's Technical Representative (COTR), that your workers are not leaving their work area clean after they finish work each day. Please, remind them that they are responsible for leaving their work area clean.

Bob, I thank you for your continuing cooperation and I am confident that our differences can be resolved upon contract completion without litigation. If there is anything that I can do to expedite completion of the contract do not hesitate to contact me.

Thanking You,

John Mraz
Contracting Officer

cc: Ricky Kirk, Charles Ballard, Chris Forner, Mel Harrison & Adam Dearing

## AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT

| | |
|---|---|
| 1. CONTRACT ID CODE | PAGE 1 OF PAGES 1 |
| 2. AMENDMENT/MODIFICATION NO. | Modification # Nine (9) |
| 3. EFFECTIVE DATE | 10 Oct 2006 |
| 4. REQUISITION/PURCHASE REQ. NO. | |
| 5. PROJECT NO. (If applicable) | |
| 6. ISSUED BY CODE 549 / 90C | Contracting Officer (90C)<br>VA North Texas Health Care System<br>Dallas VA Medical Center 4500 South Lancaster Rd.<br>Dallas, TX 75216 |
| 7. ADMINISTERED BY (If other than Item 6) CODE | Same as Item 6 |
| 8. NAME AND ADDRESS OF CONTRACTOR (No. Street, county, State and ZIP: Code) | Siemens Building Technologies, Inc.<br>8600 N. Royal Lane #100<br>Irving, TX 75063 |
| CODE | FACILITY CODE |
| (4) 9A. AMENDMENT OF SOLICITATION NO. | |
| 9B. DATED (SEE ITEM 11) | |
| X 10A. MODIFICATION OF CONTRACT/ORDER NO. | V549C-667-4 |
| X 10B. DATED (SEE ITEM 13) | 5/7/04 |

### 11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offerss extended, X ]is extended

Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods:

(a) By completing Items 8 and 15. and returning one (1) copy of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATA SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and data specified.

12. ACCOUNTING AND APPROPRIATION DATA (If required)

### 13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS, IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

| (4) | |
|---|---|
| X | A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A |
| | B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(b). |
| | C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF: |
| | D. Other (Specify type of modification and authority) |

The completion date issued under Contract V549C-667-4 is hereby modified to read "February 28, 2007".

The Government does not relinquish its right to seek compensatory damages caused by the contractor's inexcusable delay. Moreover the new contract completion date re-establishes the Government's rights to terminate for default should the contractor fail to complete the contract by February 28, 2007.

All other terms and conditions remain unchanged.

| | |
|---|---|
| 15A. NAME AND TITLE OF SIGNER (Type or print) | 16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print)<br>John Mraz, Contracting Officer |
| 15B. CONTRACTOR/OFFEROR<br>(Signature of person authorized to sign) | 15C. DATE SIGNED |
| 16B. UNITED STATES OF AMERICA<br>BY (Signature of Contracting Officer) | 16C. DATE SIGNED<br>10 Oct 2006 |

NSN 7540-01-152-8070
PREVIOUS EDITION UNUSABLE

30-105
FAR (48 CFR) 53.243

STANDARD FORM 30 (REV. 10-83)

August 17, 2006

Department of Veterans Affairs
North Texas Veterans Health Care System
Dallas Veterans Medical Center
4500 S. Lancaster Road
Building 8
Dallas, TX 75216

Mr. Robert Luczkowiak
SBT Operations Manager
Siemens
8600 N. Royal Lane
Irving, TX 75063

Subject: V549C-667-4
Design/Install Fire Alarm System, Bonham, TX

Dear Mr. Robert Luczkowiak:

On August 3, 2006 I sent you an letter and a copy of Modification Eight (8), which extended Contract V549C-667-4 through October 7, 2006. However, as of this date I have yet to receive a signed copy of Modification Eight (8), let alone a work schedule addressing your plan to complete the project by October 7, 2006.

Please sign the attached modification and submit a copy of your proposed work schedule to me before the close of business on August 21, 2006.

In a related matter, I have been informed by Ricky Kirk, the Contracting Officer's Technical Representative that the "Domiciliary is considered a Health Occupancy and as such the smoke detectors must comply with Specification Section 13850, Paragraph 2.8, Subparagraph B". If you are not in agreement with the COTR's interpretation of this specification contact me as soon as possible to resolve any differences.

Again, I encourage you to contact me if there is anything that I can do to expedite completion of Contract V549P-667-4. I can schedule a telephonic conference or a face-to-face meeting between the VA and Siemens if you think that will help.

Sincerely,

John Mraz
Contracting Officer

**SIEMENS** Building Technologies

August 29, 2006

Department of Veterans Affairs
North Texas Veterans Health Care System
Dallas Veterans Medical Center
4500 S. Lancaster Road, Bldg. 8
Dallas, Texas 75216

Mr. Mraz:

Your letter of August 17, 2006 provides Siemens Building Technologies, Inc. ("SBT") with its first written notice that the Veterans Administration ("VA") has taken the official position that smoke detectors in Building 24 must be addressable initiating devices rather than stand-alone devices. VA argues that this is because that building is a "domiciliary." As set forth below, SBT respectfully disagrees with VA's interpretation of the Contract Documents. Even if VA refuses to change its position on this point, however, the circumstances demonstrate that VA must provide SBT with an extension of time in which to perform this work.

VA has misinterpreted the Contract Documents. As a general principle, buildings equipped with sprinkler systems need not have addressable initiating devices in sleeping rooms, offices and the like. *See NFPA 101-1997, Ch. 23.* Building 24 has a sprinkler system and thus addressable initiating devices are not required there.

Importantly, the VA's Contract Drawings, stamped by VA's design engineering firm, reflect the same interpretation. *EF 24.01A, 24.02A, 24.01B, 24.02B, 24.PHB, 24.01C, 24.02C, 24.PHC.* The relevant drawings do not reflect in any way that sleeping rooms, offices, etc. were to have addressable initiating devices. SBT's subsequent equipment submittals and construction drawings likewise did not reflect that SBT was going to install addressable initiating devices in the reputed "domiciliary" spaces. Yet VA approved all such submissions, both under the context of this contract and under the context of the VA-Grot contract.

Siemens Building Technologies, Inc.

8600 N. Royal Lane
Suite 100
Irving, TX 75063

Tel: (972) 550-8488
Fax: (972) 751-1194

SIEMENS



Your letter explains that the "Domiciliary is considered a Health Occupancy...." Most respectfully, this is a *non sequitur* rather than an explanation. In this regard I refer to the "Fire Protection Design Manual Department of Veterans Affairs" ("Manual"), provided to SBT by Mr. Ballard on or about January 29, 2002. At page 9, the Manual makes clear that proper fire system coverage for domiciliaries depends in material part on whether "staffing patterns [ ] meet health care requirements." Your letter does not provide, and we have not seen, any information relating to staffing patterns that supports VA's present interpretation. We respectfully request that VA either provide such information or, on further consideration, determine that its present interpretation should be retracted.

Finally, we respectfully suggest that VA has prejudiced SBT by not raising this issue until the present time, when SBT has completed the vast bulk of its work. VA had ample opportunity to raise the issue in the past, but did not do so. In the event VA persists with its interpretation on this issue, and directs SBT to proceed, SBT respectfully requests, and indeed is entitled to, a reasonable extension of time in which to complete this additional work. SBT additionally reserves the right to additional compensation for this work.

We look forward to working with VA to complete this project without delay. To that end, we look forward to a productive dialogue leading to a prompt resolution of this contested issue.

Sincerely,

Bob Luczkowiak

Bob Luczkowiak
OPS Manager Solutions

cc: Steve Hayes, Dave Fladda, Steven Shamash, Bob Butchko

September 11, 2006

Department of Veterans Affairs
North Texas Veterans Health Care System
Dallas Veterans Medical Center
4500 S. Lancaster Road
Building 8
Dallas, TX 75216

Mr. Robert Luczkowiak
SBT Operations Manager
Siemens
8600 N. Royal Lane
Irving, TX 75063

Subject: V549C-6674
Design/Install Fire Alarm System, Bonham, TX

Dear Mr. Robert Luczkowiak:

This letter is written in response to your letter of August 29, 2006 in which you raised questions about the VA's interpretation that the smoke detectors provided by Siemens Building Technologies in Building 24 must be addressable initiating devices rather than stand-alone devices: After conferring with both the Dallas VA Engineering Department and the Dallas VA Safety Department I concur with their findings that the "Domiciliary, Building 24, is a Health Occupancy" and as such the smoke detector must comply with Contract specification 13850-1.1.B which states "The fire alarm system shall comply with requirements of NFPA 101 and NFPA 72". Specification 13850-1.2.B requires you to design and install a new fire alarm system in accordance with the specifications and drawings. It also states that actual locations shall be in accordance with NFPA 72 and these specifications and device locations on the drawings are for **reference only** unless specifically dimensioned.

Furthermore, NFPA 101, 1997 Edition, Chapter 12, Section 12.1.1.1.3 defines Health Care Occupancies as those that provide "medical care and treatment of persons suffering from physical or mental illness, disease, or infirmity, including infants, convalescents, or infirm aged persons". The domiciliary, Building #24, provides medical care and treatment as well as housing to veteran residents. In addition, the VA Fire Safety Handbook on page 13, which was issued to Siemens upon contract award, also classifies the domiciliary as Health Care Occupancies. NFPA 101 refers to Chapter 1, Section 1-3.6 and 1.3.7 for alterations, modernizations, or renovations of existing health care occupancies, which states "Existing life safety features that do not meet the requirements for new buildings, but exceed the requirements for existing buildings, shall not be diminished further. In no case shall the resulting life safety features be less than those required for existing buildings." Specification 13850-2.1.A states that "existing equipment may be reused only where indicated on the drawings or listed in the specifications, and when the equipment conforms to the applicable requirements of these specifications". The existing smoke detectors in Building No. 24 are **not** shown to be reused on either the drawings or the specifications.

Moreover, the design shop drawings with the VA stamp indicating "approved as noted" and signed by Mr. Rick Kirk, COTR on June 24, 2004 clearly state that you are to provide smoke detectors in each sleeping room. Since our records do not indicate that Siemens requested clarification we can only assume that Siemens knew or should have know of this contract requirement as early as June of 2004.

You are hereby directed to replace the existing smoke detectors located in Bldg. #24 sleeping rooms with addressable smoke detectors as specified in specifications 13850-2.8. If upon contract completion you are still in disagreement with my decision you have the right to file a claim against the government for compensatory damages.

Also, if you feel that this decision will result in another performance delay, please submit a new work schedule requesting the additional time.

Sincerely,

John Mraz
Contracting Officer