**88. [D] Siemens acknowledged receiving the deficiency notice and, on July 24, 2003, informed Grot that the deficiencies were "being worked on." App. at 226.**

**Objection [P]:** Plaintiff objects to this contention in that it is an incomplete statement. Siemens goes on to say that ". . . . in no way do the deficiencies impair the fire alarm system from reporting a fire alarm to the VA staff and the building occupants."

**89. [D] On July 28, 2003, the contracting officer directed Grot that the fire alarm system should be "fully operational" instead of merely "fully activated." App. at 227-228. "Fully operational" was defined as "'All major fire systems in Buildings 1,2,3, 24, and 29 must be in full operation and provide complete protection for our patients and employees in accordance with the requirements of Contract V549C-609-2 and the NFPA." Id.**

**90. [D] The contracting officer also directed Grot to correct six ~~additional~~ deficiencies that had been identified with the fire alarm system. Id., and App. at 225.**

**Objection [P]:** Plaintiff objects to this contention to the extent that the contention references the alleged deficiencies as "additional" deficiencies in that the alleged deficiencies in the contracting officer's letter are the same as those in the fax to Siemens of July 23, 2003.

**91. [D] On July 29, 2003, Grot sent a letter to the contracting officer representing that the fire alarm system was "fully operational" but also acknowledging that Grot was "working diligently to address the deficiency list," thereby indicating that Grot had not resolved all issues identified by the VA. App. at 229-230.**

**92. [D] The VAMC performed a pre-test on the system from July 30 to August 1, 2003. App. at 231-234.**

**~~93. [D] The pre-test revealed that the Heating Ventilation and Air Conditioning ("HVAC") system did not shut down properly because the duct detectors had not been installed properly, and that sampling tubes had not been installed in the duct detectors. App. at 234~~**.

**Objection [P]:** Plaintiff objects to this contention in that the cited language is not found at the appendix reference.

**Defendant's Response:** The reference should be to App. at 231.

94. [D] Additionally, all the elevator recall tests failed, smoke detectors had not been installed in any of the elevator shafts, and some flow switches could not be tested to send an alarm owing to confusion about the sprinkler piping. Id. and App. at 232.

**Objection [P]:** Plaintiff objects to this contention in that as written it is a misstatement of fact. The elevator recall was failed due to the dispute over the need for smoke detectors in the elevator shafts. The document clearly states that the elevators did recall.

**95. [D] These items were acknowledged by Grot. App. at 229, 223, 240. (Deposition of Jon C. Evans, 111:4-20 ("I agreed with them. It didn't work correctly."). Additionally, Building No. 1 was still on a temporary fire alarm system. App. at 234.**

**Objection [P]:** Plaintiff objects to this contention to the extent it is directed to all of the buildings. The referenced testimony of Mr. Evans was only as to building 24.

**96. [D] Based upon the results of the pre-test, the COTR directed Grot to setup a fire watch in Building Nos. 1, 2, 3, 24, and 29. App. at 235.**

**97. [D] Grot responded that it would stop the fire watch as of August 1, 2003, based on Grot's opinion that it was no longer necessary. App. at 236.**

**98. [D] On August 7, 2003, the contracting officer terminated the contract for default for: (1) failure to provide adequate fire alarm protection, (2) failure to perform in compliance with the technical requirements of the contract, (3) failure to complete the contract by the extended deadline, and (4) failure to show cause. Grot Order at 8; App. at 59.**

**99. [D] Grot filed this lawsuit on August 19, 2003. On November 2, 2005, the Government filed a motion for partial summary judgment to establish that Grot was required to design <u>and</u> install the fire alarm system, as opposed to merely installing it. This motion was granted by the Court on May 15, 2006. Additionally, Grot subsequently submitted several claims for money damages to the Department of Veterans Affairs Board of Contract Appeals. These claims were ordered to be transferred to this court and consolidated with the instant case on November 16, 2005, and the transfer and consolidation were completed on April 28, 2006.**