**100. [P] Subsequent to Grot's termination, Siemens negotiated a contract with the VA for completion of the Project. Pl. Supp. App. at 254, ¶ 7. Siemens project completion time was one hundred eighty (180) calendar days with an original completion date of November 6, 2004. Pl. Supp. App. at 260.**

**Objection [D]:** Defendant objects to this contention because it is not material to the Government's motion for summary judgment, or to Grot's failure to fulfill its legal obligations under this contract.

**101. [P] ~~Almost immediately~~, the contracting officer extended the contract completion date for Siemens by fifteen (15) days through Modification One (1). Pl. Supp. App. at 261. The scope of work under this modification included raising PIVs located at Buildings 1 and 11. Pl. Supp. App. at 262.**

**Objection [D]:** Defendant objects to the first sentence of this contention because it is not supported by the document referenced. The documents to which Grot refers do not indicate when the contract with Siemens was signed. Additionally, defendant objects because it is not material to the Government's motion for summary judgment, nor to Grot's failure to fulfill its legal obligations under this contract.

**102. [P] On May 23, 2004, the contracting officer issued Modification Two (2) extending the completion date to January 4, 2005, forty-five (45) additional days. Pl. Supp. App. at 263. Thus, ~~fifteen days into the contract,~~ Siemens had change orders increasing the completion time to two hundred forty (240) days; thirty (30) days short of Grot's original contract time.**

**Objection [D]:** Defendant objects to the first sentence of this contention because it is not supported by the document referenced. The documents to which Grot refers do not indicate when the contract with Siemens was signed. Additionally, defendant objects because it is not material to the Government's motion for summary judgment, or to Grot's failure to fulfill its legal obligations under this contract.

**103. [P] ~~In addition to the time extension, Modification Two (2) also included an additional sixty-nine (69) smoke detectors and sixty-nine (69) audible bases into Siemens scope of work.~~**

**Objection [D]:** Defendant objects to this contention because Grot has provided no supporting citation. Additionally, defendant objects because it is not material to the Government's motion for summary judgment, or to Grot's failure to fulfill its legal obligations under this contract.

**104. [P] ~~Modification Three (3) was issued by the contracting officer on September 23, 2004 and again addressed the issue of PIV s, this time in Building 10. It contained an increase in the contract price of $51,500.00 to remove and relocate the PIV for Building 10.~~ Pl. Supp. App. at 265. During the course of Grot's contract, the contracting officer had informed Grot that raising the PIVs were a part of Grot's scope of work. Grot had specifically addressed the PIV for Building 10 in e-mails in March 2003 ~~and a letter from Grot on April 14, 2003~~. Pl. Supp. App. at 269-271.**

**Objection [D]:** Defendant objects to the first two sentences of this contention because they do not pertain to Grot's contract with the Government, and are therefore not material to the Government's motion for summary judgment, or to Grot's failure to fulfill its legal obligations under the contract. Defendant objects to the fourth sentence because the letter cited does not refer to Building 10.

**105. [P] ~~Grot's letter confirms that the contracting officer was taking the position that Grot was to replace or modify the devices.~~ Grot protested the determination and stated that if this was the intent, the specification should have read "furnish and install". Pl. Supp. App. at 271.**

**<u>Objection [D]:</u>** Defendant objects to the first sentence of this contention because it is not supported by the document referenced, and constitutes Grot's opinion and not a factual contention. The documents to which Grot refers do not indicate when the contract with Siemens was signed. Additionally, defendant objects because it is not material to the Government's motion for summary judgment, or to Grot's failure to fulfill its legal obligations under this contract.

**106. [P] Grot protested the contracting officer's determination but ~~would have proceeded to raise the PIV's under protest.~~ Pl. Supp. App. at 331-332, ¶¶4 & 5. The contracting officer never responded to Grot's letter. ~~However, Grot was right and seventeen (17) months later the contracting officer admitted his error and issued the change order extending the contract time and price.~~**

**<u>Objection [D]:</u>** Objects to the first and third sentences because they are not factual contentions, but Grot's opinion. Defendant further objects to the third sentence because Grot does not provide a supporting citation. Additionally, defendant objects because this contention is not material to the Government's motion for summary judgment or to Grot's failure to fulfill its legal obligations under the contract.

**107. [P] ~~Between May 7, 2004, the date of Siemens' contract, and October 10, 2006, Siemens received nine (9) modifications to the contract which extended the contract completion date to February 28, 2007. Pl. Supp. App. at 272-275. This would make the total contract time for Siemens 1,027 days to complete a project that the VA conceded was fifty-nine (59%) percent complete at Grot's termination. Pl. Supp. App.~~ at 311.**

**<u>Objection [D]:</u>** Defendant objects to Grot's characterization of the documents cited which are the best evidence of their contents and do not support Grot's contention. Additionally, John Mraz's letter dated October 10, 2006, clearly states that the Government considers the additional extension of the contract deadline the result of Siemens' "unreasonable delay." Additionally, defendant objects because this contention is not material to the Government's motion for summary judgment or to Grot's failure to fulfill its legal obligations under the contract.

**108. [P] ~~Clear evidence of the continued inability of the VA to interpret its own plans and specifications can be found in the exchange between Siemens and the VA beginning in August, 2006. By letter of August 17, 2006, three (3) years and ten (10) days after Grot's termination, the contracting officer advised Siemens that "Domiciliary is considered a health occupancy and as such the smoke detectors must comply with Specification Section 13850, paragraph 2.8, subparagraph B. Pl. Supp. App. at 276. He goes on to state that if Siemens is not in agreement with the interpretation to "contact me as soon as possible to resolve any difference"; the very type of meeting that Grot had requested.~~**

**<u>Objection[D]</u>**: Defendant objects to Grot's characterization of the documents cited which are the best evidence of their contents and do not support Grot's contention. The final sentence does not constitute a factual contention but Grot's opinion. Additionally, defendant objects because this contention is not material to the Government's motion for summary judgment or to Grot's failure to fulfill its legal obligations under the contract.

**109. [P] ~~Siemens responded by letter of August 29, 2006. Pl. Supp. App. at 277. Siemens contested the VA's interpretation of the specification and pointed out that Fratto's drawings reflected the same interpretation by Siemens and that the VA had approved all of Siemens' submissions both under the context of Siemens' contract and under the contract between Grot and the VA. Siemens' letter indicates that it had not seen any information relating to staffing patterns that supported the VA's interpretation and requested that the VA provide that information. Pl. Supp. App. at 278.~~**

**<u>Objection [D]:</u>** Defendant objects to Grot's characterization of the documents cited which are the best evidence of their contents and do not support Grot's contention. Additionally, defendant objects because this contention is not material to the Government's motion for summary judgment or to Grot's failure to fulfill its legal obligations under the contract.

**110. [P] ~~Siemens' argument is consistent with the type of information that Grot was not provided. Siemens' letter requested a time extension claiming that it had been unduly prejudiced by the VA's failure to timely raise the issue.~~ Pl. Supp. App. at 278.**

**Objection [D]:** Objects to Plaintiff's characterization and interpretation of the referenced document is argumentative and not a contention of fact. Additionally, defendant objects because this contention is not material to the Government's motion for summary judgment or to Grot's failure to fulfill its legal obligations under the contract.