**111. [P] ~~By letter of September 11, 2006, the contracting officer responded to Siemens' protest. The contracting officer rejected Siemens' position and directed Siemens to replace the existing smoke detectors located in Building 24 Sleeping Rooms. Despite the fact that the contracting officer determined that Siemens' interpretation of the drawings was incorrect, the contracting officer afforded Siemens an opportunity to request an extension to the contract completion time. Pl. Supp. App. at 280.~~**

**Objection [D]:** Defendant objects to Grot's characterization of the document cited which is the best evidence of their its contents and does not support Grot's contention. Additionally, defendant objects because this contention is not material to the Government's motion for summary judgment or to Grot's failure to fulfill its legal obligations under the contract.

**112. [P] ~~By letter of October 10, 2006, the contracting officer granted Siemens' request for a contract extension until February 28, 2007 but conditioned the extension on Siemens providing additional consideration in the form of training for VA personnel and extending the Guarantee Period Services. Pl. Supp. App. at 273.~~**

**<u>Objection [D]:</u>** Defendant objects to Grot's characterization of the documents cited which are the best evidence of their contents and do not support Grot's contention. Additionally, defendant objects because this contention is not material to the Government's motion for summary judgment or to Grot's failure to fulfill its legal obligations under the contract.

**113. [P] ~~Siemens requested a meeting with the contracting officer to discuss the cost of labor and materials that Siemens would incur by doing the additional work. Pl. Supp. App. at 281. Contrary to the VA's position regarding meetings with Grot, the contracting officer did not reject Siemens' request for a meeting in his correspondence.~~**

**<u>Objection [D]:</u>** Defendant objects to Grot's characterization of the document cited which is the best evidence of its contents and does not support Grot's contention. Additionally, defendant objects because this contention is not material to the Government's motion for summary judgment or to Grot's failure to fulfill its legal obligations under the contract.

**114. [P] ~~Throughout the course of Siemens' contract, the contracting officer repeatedly extended the contract completion date. In almost every instance, the contracting officer requested Siemens to provide a completion date that Siemens could meet. Pl. Supp. App. at 282-294. The contracting officer even volunteered to participate and expedite matters.~~ Pl. Supp. App. at 287.**

**<u>Objection [D]:</u>** Defendant objects to Grot's characterization of the documents cited which are the best evidence of their contents and do not support Grot's contention. Defendant further objects because the second sentence does not constitute a factual contention but Grot's opinion. Additionally, defendant objects because this contention is not material to the Government's motion for summary judgment or to Grot's failure to fulfill its legal obligations under the contract.

**115. [P] T~~he longest contract extension was issued by Modification Seven (7) on February 13, 2006. This extension changed the contract completion date from May 10, 2005 until May 1, 2006 or 356 days. At no time during this period did the VA threaten to terminate.~~ Pl. Supp. at 292.**

**Objection [D]:** Defendant objects to the first sentence because Grot has not provided a supporting citation. Defendant objects to the second sentence and Grot's characterization of the documents which are the best evidence of their contents and do not support Grot's contention in the second sentence. Additionally, defendant objects because this document is not material to the Government's motion for summary judgment or to Grot's failure to fulfill its legal obligations under the contract.

**116. [P] ~~By letter of July 21, 2006, the VA did issue a cure notice to Siemens. Pl. Supp. App. at 295. In that cure notice, the VA listed contract deficiencies although contending that the list was by no means "all inclusive".~~**

**Objection [D]:** Defendant objects to Grot's characterization of the documents cited which are the best evidence of their contents. Additionally, defendant objects because this contention is not material to the Government's motion for summary judgment or to Grot's failure to fulfill its legal obligations under the contract.

**117. [P] ~~Siemens responded to the cure notice by letter of July 28, 2006. Pl. Supp. App. at 299. Siemens did not address the deficiencies in the contract performance but simply provided a schedule for completion of the Project. Regardless, the contracting officer extended the contract time another two (2) months.~~ Pl. Supp. App. at 306.**

**Objection [D]:** Defendant objects to Grot's characterization of the documents cited which are the best evidence of their contents and do not support Grot's contention. Additionally, defendant objects because this contention is not material to the Government's motion for summary judgment or to Grot's failure to fulfill its legal obligations under the contract.

**118. [P] ~~As confirmed by Siemens' counsel on March 29, 2007, Siemens still has not received substantial completion.~~ Pl. Supp. App. at 308.**

**Objection [D]:** Defendant objects to this contention because Grot did not provide any supporting citation to competent evidence. The document referred to is an e-mail exchange between Grot's counsel and someone who is purportedly Siemens' counsel. Additionally, defendant objects because this contention is not material to the Government's motion for summary judgment or to Grot's failure to fulfill its legal obligations under the contract.

**119. [P] ~~Scott McCauley was employed by Siemens during construction of the Project.~~ Pl. Supp. App. at 254, ¶ 2.**

**Objection [D]:** Defendant objects because this contention is not material to the Government's motion for summary judgment or to Grot's failure to fulfill its legal obligations under the contract.

**120. [P] ~~Mr. McCauley's affidavit confirms that at the time Grot was terminated by the VA, Grot had provided a fire alarm system design for the Project that was in full compliance with the technical requirements of the Contract including the plans, specifications, drawings and system design requirements including compliance with Chapter 13, NFPA 101(1997Edition) and 72 (1996 Edition). Pl. Supp. App. at 254, ¶ 5.~~**

**<u>Objection [D]:</u>** Defendant objects because this contention does not constitute a factual contention but Grot's legal conclusion. Additionally, defendant objects because this contention is not material to the Government's motion for summary judgment or to Grot's failure to fulfill its legal obligations under the contract.