Cause No. 03-1951C
(Judge Baskir)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

GROT, INCORPORATED,

Plaintiff,

vs.

THE UNITED STATES OF AMERICA,

Defendant.

---

# PLAINTIFF'S SUPPLEMENT TO PLAINTIFF'S SUPPLEMENTAL APPENDIX IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT UPON THE CLAIMS TRANSFERRED FROM THE VABCA AND UPON THE ISSUE OF WHETHER THE TERMINATION OF THE CONTRACT FOR DEFAULT WAS PROPER PURSUANT TO THE COURT'S ORDER OF SEPTEMBER 20, 2007

---

GROT, INCORPORATED

Andrew J. Kilpatrick, Jr., ID#656
Gore, Kilpatrick & Dambrino, PLLC
Post Office Drawer 2900
Ridgeland, Mississippi 39158
Tele: 601.957.1595
Fax: 601.957.1790
akilpatrick@gorekilpatrick.com
MSB#3763

Dated: October 2, 2007

Counsel for Plaintiff

## APPENDIX TABLE OF CONTENTS

FAR 52-232-27, Prompt Payment for Construction Contracts (June 1997) ....... 338

Section 010001, General Conditions ¶1.23, Prompt Payment for Construction Contracts (FAR 52-232-27)(Jun 1997) ........................ 346

Calculation of Prompt Payment Penalties Pursuant to FAR 52.232-27(a)(6)(iii)(A) ....................................... 357

(End of Clause)

## 52.232-18 AVAILABILITY OF FUNDS (APR 1984

Funds are not presently available for this contract. The Government's obligation under this contract is contingent upon the availability of appropriated funds from which payment for contract purposes can be made. No legal liability on the part of the Government for any payment may arise until funds are made available to the Contracting Officer for this contract and until the Contractor receives notice of such availability, to be confirmed in writing by the Contracting Officer.

(End of Clause)

## 4.42 52.232-23 ASSIGNMENT OF CLAIMS (JAN 1986

(a) The Contractor, under the Assignment of Claims Act, as amended, 31 U.S.C. 3727, 41 U.S.C. 15 (hereafter referred to as "the Act"), may assign its rights to be paid amounts due or to become due as a result of the performance of this contract to a bank, trust company, or other financing institution, including any Federal lending agency. The assignee under such an assignment may thereafter further assign or reassign its right under the original assignment to any type of financing institution described in the preceding sentence.

(b) Any assignment or reassignment authorized under the Act and this clause shall cover all unpaid amounts payable under this contract, and, shall not be made to more than one party, except that an assignment or reassignment may be made to one party as agent or trustee for two or more parties participating in the financing of this contract.

(c) The Contractor shall not furnish or disclose to any assignee under this contract any classified document (including this contract) or information related to work under this contract until the Contracting Officer authorizes such action in writing.

(End of Clause)

## 52.232-27 PROMPT PAYMENT FOR CONSTRUCTION CONTRACTS (JUN 1997)

Notwithstanding any other payment terms in this contract, the Government will make invoice payments and contract financing payments under the terms and conditions specified in this clause. Payment shall be considered as being made on the day a check is dated or the date of an electronic funds transfer. Definitions of pertinent terms are set forth in section 32.902 of the Federal Acquisition Regulation. All days referred to in this clause are calendar days, unless otherwise specified. (However, see subparagraph (a)(3) concerning payments due on Saturdays, Sundays, and legal holidays.)

(a) Invoice payments--(1) Types of invoice payments. For purposes of this clause, there are several types of invoice payments that may occur under this contract, as follows:

(i) Progress payments, if provided for elsewhere in this contract, based on Contracting Officer approval of the estimated amount and value of work or services performed, including payments for reaching milestones in any project:

(A) The due date for making such payments shall be 30 days after receipt of payment request by the designated billing office. If the designated billing office fails to annotate the payment request with the actual date of receipt at the time of receipt, the payment due date shall be the 30th day after the date of the Contractor's payment request, provided a proper payment request is received and there is no disagreement over quantity, quality, or Contractor compliance with contract requirements.

(B) The due date for payment of any amounts retained by the Contracting Officer in accordance with the clause at 52.232-5, Payments Under Fixed-Price Construction Contracts, shall be as specified in the contract or, if not specified, days after approval for release to the Contractor by the Contracting Officer.

(ii) Final payments based on completion and acceptance of all work and presentation of release of all claims against the Government arising by virtue of the contract, and payments for partial deliveries that have been accepted by the Government (e.g., each separate building, public work, or other division of the contract for which the price is stated separately in the contract):

(A) The due date for making such payments shall be either the 30th day after receipt by the designated billing office of a proper invoice from the Contractor, or the day after Government acceptance of the work or services completed by the Contractor, whichever is later. If the designated billing office fails to annotate the invoice with the date of actual receipt at the time of receipt, the invoice payment due date shall be the 30th day after the date of the Contractor's invoice, provided a proper invoice is received and there is no disagreement over quantity, quality, or Contractor compliance with contract requirements.

(B) On a final invoice where the payment amount is subject to contract settlement actions (e.g., release of claims), acceptance shall be deemed to have occurred on the effective date of the contract settlement.

(2) Contractor's invoice. The Contractor shall prepare and submit invoices to the designated billing office specified in the contract. A proper invoice must include the items listed in paragraphs (a)(2)(i) through (a)(2)(ix) of this clause. If the invoice does not comply with these requirements, it shall be returned within 7 days after the date the designated billing office received the invoice, with a statement of the reasons why it is not a proper invoice. Untimely notification will be taken into account in computing any interest penalty owed the Contractor in the manner described in subparagraph (a)(4) of this clause.

(i) Name and address of the Contractor.
(ii) Invoice date. (The Contractor is encouraged to date invoices as close as possible to the date of mailing or transmission.)
(iii) Contract number or other authorization for work or services performed (including order number and contract line item number).
(iv) Description of work or services performed.
(v) Delivery and payment terms (e.g., prompt payment discount terms).
(vi) Name and address of Contractor official to whom payment is to be sent (must be the same as that in the contract or in a proper notice of assignment).
(vii) Name (where practicable), title, phone number, and mailing address of person to be notified in the event of a defective invoice.
(viii) For payments described in paragraph (a)(1)(i) of this clause, substantiation of the amounts requested and certification in accordance with the requirements of the clause at 52.232-5, Payments Under Fixed-Price Construction Contracts.
(ix) Any other information or documentation required by the contract.
(x) While not required, the Contractor is strongly encouraged to assign an identification number to each invoice.

(3) Interest penalty. An interest penalty shall be paid automatically by the designated payment office, without request from the Contractor, if payment is not made by the due date and the conditions listed in paragraphs (a)(3)(i) through (a)(3)(iii) of this clause are met, if applicable. However, when the due date falls on a Saturday, Sunday, or legal holiday when Federal Government offices are closed and Government business is not expected to be conducted, payment may be made on the following business day without incurring a late payment interest penalty.

(i) A proper invoice was received by the designated billing office.

(ii) A receiving report or other Government documentation authorizing payment was processed and there was no disagreement over quantity, quality, Contractor compliance with any contract term or condition, or requested progress payment amount.

(iii) In the case of a final invoice for any balance of funds due the Contractor for work or services performed, the amount was not subject to further contract settlement actions between the Government and the Contractor.

(4) Computing penalty amount. The interest penalty shall be at the rate established by the Secretary of the Treasury under section 12 of the Contract Disputes Act of 1978 (41 U.S.C. 611) that is in effect on the day after the due date, except where the interest penalty is prescribed by other governmental authority (e.g., tariffs). This rate is referred to as the ``Renegotiation Board Interest Rate," and it is published in the Federal Register semiannually on or about January 1 and July 1. The interest penalty shall accrue daily on the invoice principal payment amount approved by the Government until the payment date of such approved principal amount; and will be compounded in 30-day increments inclusive from the first day after the due date through the payment date. That is, interest accrued at the end of any 30-day period will be added to the approved invoice principal payment amount and will be subject to interest penalties if not paid in the succeeding 30-day period. If the designated billing office failed to notify the Contractor of a defective invoice within the periods prescribed in subparagraph (a)(2) of this clause, the due date on the corrected invoice will be adjusted by subtracting from such date the number of days taken beyond the prescribed notification of defects period. Any interest penalty owed the Contractor will be based on this adjusted due date. Adjustments will be made by designated payment office for errors in calculating interest penalties.

(i) For the sole purpose of computing an interest penalty that might be due the Contractor for payments described in paragraph (a)(1)(ii) of this clause, Government acceptance or approval shall be deemed to have occurred constructively on the 7th day after the Contractor has completed the work or services in accordance with the terms and conditions of the contract. In the event that actual acceptance or approval occurs within the constructive acceptance or approval period, the determination of an interest penalty shall be based on the actual date of acceptance or approval. Constructive acceptance or constructive approval requirements do not apply if there is a disagreement over quantity, quality, or Contractor compliance with a contract provision. These requirements also do not compel Government officials to accept work or services, approve Contractor estimates, perform contract administration functions, or make payment prior to fulfilling their responsibilities.

(ii) The following periods of time will not be included in the determination of an interest penalty:

(A) The period taken to notify the Contractor of defects in invoices submitted to the Government, but this may not exceed 7 days.

(B) The period between the defects notice and resubmission of the corrected invoice by the Contractor.

(C) For incorrect electronic funds transfer (EFT) information, in accordance with the EFT clause of this contract.

(iii) Interest penalties will not continue to accrue after the filing of a claim for such penalties under the clause at 52.233-1, Disputes, or for more than 1 year. Interest penalties of less than $1 need not be paid.

(iv) Interest penalties are not required on payment delays due to disagreement

between the Government and the Contractor over the payment amount or other issues involving contract compliance, or on amounts temporarily withheld or retained in accordance with the terms of the contract. Claims involving disputes, and any interest that may be payable, will be resolved in accordance with the clause at 52.233-1, Disputes.

(5) Prompt payment discounts. An interest penalty also shall be paid automatically by the designated payment office, without request from the Contractor, if a discount for prompt payment is taken improperly. The interest penalty will be calculated on the amount of discount taken for the period beginning with the first day after the end of the discount period through the date when the Contractor is paid.

(6) Additional interest penalty.

(i) If this contract was awarded on or after October 1, 1989, a penalty amount, calculated in accordance with subdivision (a)(6)(iii) of this clause, shall be paid in addition to the interest penalty amount if the Contractor--

(A) Is owed an interest penalty of $1 or more;
(B) Is not paid the interest penalty within 10 days after the date the invoice amount is paid; and
(C) Makes a written demand to the designated payment office for additional penalty payment, in accordance with subdivision (a)(6)(ii) of this clause, postmarked not later than 40 days after the date the invoice amount is paid.

(ii)(A) Contractors shall support written demands for additional penalty payments with the following data. No additional data shall be required. Contractors shall--

(1) Specifically assert that late payment interest is due under a specific invoice, and request payment of all overdue late payment interest penalty and such additional penalty as may be required;
(2) Attach a copy of the invoice on which the unpaid late payment interest was due; and
(3) State that payment of the principal has been received, including the date of receipt.

(B) Demands must be postmarked on or before the 40th day after payment was made, except that--

(1) If the postmark is illegible or nonexistent, the demand must have been received and annotated with the date of receipt by the designated payment office on or before the 40th day after payment was made; or
(2) If the postmark is illegible or nonexistent and the designated payment office fails to make the required annotation, the demand's validity will be determined by the date the Contractor has placed on the demand; provided such date is no later than the 40th day after payment was made.

(iii)(A) The additional penalty shall be equal to 100 percent of any original late payment interest penalty, except--

(1) The additional penalty shall not exceed $5,000;
(2) The additional penalty shall never be less than $25; and
(3) No additional penalty is owed if amount of the underlying interest penalty is less than $1.

(B) If the interest penalty ceases to accrue in accordance with the limits stated in subdivision (a)(4)(iii) of this clause, the amount of the additional penalty shall be calculated on the amount of interest penalty that would have accrued in the absence of these limits,

subject to the overall limits on the additional penalty specified in subdivision (a)(6)(iii)(A) of this clause.

(C) For determining the maximum and minimum additional penalties, the test shall be the interest penalty due on each separate payment made for each separate contract. The maximum and minimum additional penalty shall not be based upon individual invoices unless the invoices are paid separately. Where payments are consolidated for disbursing purposes, the maximum and minimum additional penalty determination shall be made separately for each contract therein.

(D) The additional penalty does not apply to payments regulated by other Government regulations (e.g., payments under utility contracts subject to tariffs and regulation).

(b) Contract financing payments—

(1) Due dates for recurring financing payments. If this contract provides for contract financing, requests for payment shall be submitted to the designated billing office as specified in this contract or as directed by the Contracting Officer. Contract financing payments shall be made on the day after receipt of a proper contract-financing request by the designated billing office. In the event that an audit or other review of a specific financing request is required to ensure compliance with the terms and conditions of the contract, the designated payment office is not compelled to make payment by the due date specified.

(2) Due dates for other contract financing. For advance payments, loans, or other arrangements that do not involve recurring submissions of contract financing requests, payment shall be made in accordance with the corresponding contract terms or as directed by the Contracting Officer.

(3) Interest penalty not applicable. Contract financing payments shall not be assessed an interest penalty for payment delays.

(c) Subcontract clause requirements. The Contractor shall include in each subcontract for property or services (including a material supplier) for the purpose of performing this contract the following:

(1) Prompt payment for subcontractors. A payment clause that obligates the Contractor to pay the subcontractor for satisfactory performance under its subcontract not later than 7 days from receipt of payment out of such amounts as are paid to the Contractor under this contract.

(2) Interest for subcontractors. An interest penalty clause that obligates the Contractor to pay to the subcontractor an interest penalty for each payment not made in accordance with payment clause_

(i) For the period beginning on the day after the required payment date and ending on the date on which payment of the amount due is made; and

(ii) Computed at the rate of interest established by the Secretary of the Treasury, and published in the Federal Register, for interest payments under section 12 of the Contract Disputes Act of 1978 (41 U.S.C. 611) in effect at the time the Contractor accrues the obligation to pay an interest penalty.

(3) Subcontractor clause flowdown. A clause requiring each subcontractor to include a payment clause and an interest penalty clause conforming to the standards set forth in subparagraphs (c)(1) and (c)(2) of this clause in each of its subcontracts, and to require each of its subcontractors to include such clauses in their subcontracts with each lower-tier subcontractor or supplier.

(d) Subcontract clause interpretation. The clauses required by paragraph (c) of this clause shall not be construed to impair the right of the Contractor or a subcontractor at any tier to negotiate, and to include in their subcontract, provisions that--

(1) Retainage permitted. Permit the Contractor or a subcontractor to retain (without cause) a specified percentage of each progress payment otherwise due to a subcontractor for satisfactory performance under the subcontract without incurring any obligation to pay a late payment interest penalty, in accordance with terms and conditions agreed to by the parties to the subcontract, giving such recognition as the parties deem appropriate to the ability of a subcontractor to furnish a performance bond and a payment bond;

(2) Withholding permitted. Permit the Contractor or subcontractor to make a determination that part or all of the subcontractor's request for payment may be withheld in accordance with the subcontract agreement; and

(3) Withholding requirements. Permit such withholding without incurring any obligation to pay a late payment penalty if--

(i) A notice conforming to the standards of paragraph (g) of this clause previously has been furnished to the subcontractor; and

(ii) A copy of any notice issued by a Contractor pursuant to subdivision (d)(3)(i) of this clause has been furnished to the Contracting Officer.

(e) Subcontractor withholding procedures. If a Contractor, after making a request for payment to the Government but before making a payment to a subcontractor for the subcontractor's performance covered by the payment request, discovers that all or a portion of the payment otherwise due such subcontractor is subject to withholding from the subcontractor in accordance with the subcontract agreement, then the Contractor shall--

(1) Subcontractor notice. Furnish to the subcontractor a notice conforming to the standards of paragraph (g) of this clause as soon as practicable upon ascertaining the cause giving rise to a withholding, but prior to the due date for subcontractor payment;

(2) Contracting Officer notice. Furnish to the Contracting Officer, as soon as practicable, a copy of the notice furnished to the subcontractor pursuant to subparagraph (e)(1) of this clause;

(3) Subcontractor progress payment reduction. Reduce the subcontractor's progress payment by an amount not to exceed the amount specified in the notice of withholding furnished under subparagraph (e)(1) of this clause;

(4) Subsequent subcontractor payment. Pay the subcontractor as soon as practicable after the correction of the identified subcontract performance deficiency, and--

(i) Make such payment within--

(A) Seven days after correction of the identified subcontract performance deficiency (unless the funds therefor must be recovered from the Government because of a reduction under paragraph (e)(5)(i)) of this clause; or

(B) Seven days after the Contractor recovers such funds from the Government; or

(ii) Incur an obligation to pay a late payment interest penalty computed at the rate of interest established by the Secretary of the Treasury, and published in the Federal Register, for interest payments under section 12 of the Contracts Disputes Act of 1978 (41 U.S.C. 611) in effect at the time the Contractor accrues the obligation to pay an interest penalty;

(5) Notice to Contracting Officer. Notify the Contracting Officer upon--

(i) Reduction of the amount of any subsequent certified application for payment; or

(ii) Payment to the subcontractor of any withheld amounts of a progress payment, specifying--

(A) The amounts withheld under subparagraph (e)(1) of this clause; and

(B) The dates that such withholding began and ended; and

(6) Interest to Government. Be obligated to pay to the Government an amount equal to interest on the withheld payments (computed in the manner provided in 31 U.S.C. 3903(c)(1)), from the 8th day after receipt of the withheld amounts from the Government until--

(i) The day the identified subcontractor performance deficiency is corrected; or

(ii) The date that any subsequent payment is reduced under subdivision (e)(5)(i) of this clause.

(f) Third-party deficiency reports—

(1) Withholding from subcontractor. If a Contractor, after making payment to a first-tier subcontractor, receives from a supplier or subcontractor of the first-tier subcontractor (hereafter referred to as a ``second-tier subcontractor") a written notice in accordance with section 2 of the Act of August 24, 1935 (40 U.S.C. 270b, Miller Act), asserting a deficiency in such first-tier subcontractor's performance under the contract for which the Contractor may be ultimately liable, and the Contractor determines that all or a portion of future payments otherwise due such first-tier subcontractor is subject to withholding in accordance with the subcontract agreement, the Contractor may, without incurring an obligation to pay an interest penalty under subparagraph (e)(6) of this clause--

(i) Furnish to the first-tier subcontractor a notice conforming to the standards of paragraph (g) of this clause as soon as practicable upon making such determination; and

(ii) Withhold from the first-tier subcontractor's next available progress payment or payments an amount not to exceed the amount specified in the notice of withholding furnished under paragraph (f)(1)(i) of this clause.

(2) Subsequent payment or interest charge. As soon as practicable, but not later than 7 days after receipt of satisfactory written notification that the identified subcontract performance deficiency has been corrected, the Contractor shall--

(i) Pay the amount withheld under paragraph (f)(1)(ii) of this clause to such first-tier subcontractor; or

(ii) Incur an obligation to pay a late payment interest penalty to such first-tier subcontractor computed at the rate of interest established by the Secretary of the Treasury, and published in the Federal Register, for interest payments under section 12 of the Contracts Disputes Act of 1978 (41 U.S.C. 611) in effect at the time Contractor accrues the obligation to pay an interest penalty.

(g) Written notice of subcontractor withholding. A written notice of any withholding shall be issued to a subcontractor (with a copy to the Contracting Officer of any such notice issued by the Contractor), specifying--

(1) The amount to be withheld;

(2) The specific causes for the withholding under the terms of the subcontract; and

(3) The remedial actions to be taken by the subcontractor in order to receive payment of the amounts withheld.

(h) Subcontractor payment entitlement. The Contractor may not request payment from the Government of any amount withheld or retained in accordance with paragraph (d) of this clause until such time as the Contractor has determined and certified to the Contracting Officer that the subcontractor is entitled to the payment of such amount.

(i) Prime-subcontractor disputes. A dispute between the Contractor and subcontractor relating to the amount or entitlement of a subcontractor to a payment or a late payment interest penalty under a clause included in the

subcontract pursuant to paragraph (c) of this clause does not constitute a dispute to which the United States is a party. The United States may not be interpleaded in any judicial or administrative proceeding involving such a dispute.

(j) Preservation of prime-subcontractor rights. Except as provided in paragraph (i) of this clause, this clause shall not limit or impair any contractual, administrative, or judicial remedies otherwise available to the Contractor or a subcontractor in the event of a dispute involving late payment or nonpayment by the Contractor or deficient subcontract performance or nonperformance by a subcontractor.

(k) Non-recourse for prime contractor interest penalty. The Contractor's obligation to pay an interest penalty to a subcontractor pursuant to the clauses included in a subcontract under paragraph (c) of this clause shall not be construed to be an obligation of the United States for such interest penalty. A cost- reimbursement claim may not include any amount for reimbursement of such interest penalty.

(End of Clause)

**52.232-34 PAYMENT BY ELECTRONIC FUNDS TRANSFER-OTHER THAN CENTRAL CONTRACTOR REGISTRATION (MAY 1999)**

(a) Method of payment.

(1) All payments by the Government under this contract shall be made by electronic funds transfer (EFT) except as provided in paragraph (a)(2) of this clause. As used in this clause, the term "EFT" refers to the funds transfer and may also include the payment information transfer.

(2) In the event the Government is unable to release one or more payments by EFT, the Contractor agrees to either--

(i) Accept payment by check or some other mutually agreeable method of payment; or

(ii) Request the Government to extend payment due dates until such time as the Government makes payment by EFT (but see paragraph (d) of this clause).

(b) Mandatory submission of Contractor's EFT information.

(1) The Contractor is required to provide the Government with the information required to make payment by EFT (see paragraph (j) of this clause). The Contractor shall provide this information directly to the office designated in this contract to receive that information (hereafter: "designated office") by January 31, 2001. If not otherwise specified in this contract, the payment office is the designated office for receipt of the Contractor's EFT information. If more than one designated office is named for the contract, the Contractor shall provide a separate notice to each office. In the event that the EFT information changes, the Contractor shall be responsible for providing the updated information to the designated office(s).

(2) If the Contractor provides EFT information applicable to multiple contracts, the Contractor shall specifically state the applicability of this EFT information in terms acceptable to the designated office. However, EFT information supplied to a designated office shall be applicable only to contracts that identify that designated office as the office to receive EFT information for that contract.

(c) Mechanisms for EFT payment. The Government may make payment by EFT through either the Automated Clearing House (ACH) network, subject to the rules of the National Automated Clearing House Association, or the Fedwire Transfer System. The rules governing Federal payments through the ACH are contained in 31 CFR part 210.

(d) Suspension of payment.

(4) Such materials and/or equipment will be protected against weather, theft, and other hazards and will not be subjected to deterioration.

(5) All of the other terms, provisions, conditions and covenants contained in the contract shall be and remain in full force and effect as therein provided.

(6) A supplemental agreement will be executed between the Government and the contractor with the consent of the contractor's surety for off-site storage.

(e) The contractor, prior to receiving a progress or final payment under this contract, shall submit to the Contracting Officer a certification that the Contractor has made payment from proceeds of prior payments, or that timely payment will be made from the proceeds of the progress or final payment then due, to subcontractors and suppliers in accordance with the contractual arrangements with them.

(f) The Government reserves the right to withhold payment until samples, shop drawings, Engineer's certificates, additional bonds, payrolls, weekly statements of compliance, proof of title, nondiscrimination compliance reports, or any other thing required by this contract, have been submitted to the satisfaction of the Contracting Officer. (Jan. 21, 1988)

1.23 PROMPT PAYMENT FOR CONSTRUCTION CONTRACTS (FAR 52.232-27) (JUN 1997)

Notwithstanding any other payment terms in this contract, the Government will make invoice payments and contract financing payments under the terms and conditions specified in this clause. Payment shall be considered as being made on the day a check is dated or the date of an electronic funds transfer. Definitions of pertinent terms are set forth in section 32.902 of the Federal Acquisition Regulation. All days referred to in this clause are calendar days, unless otherwise specified. (However, see subparagraph (a)(3) concerning payments due on Saturdays, Sundays, and legal holidays.)

(a) Invoice payments--

(1) Types of invoice payments. For purposes of this clause, there are several types of invoice payments that may occur under this contract, as follows:

(i) Progress payments, if provided for elsewhere in this contract, based on Contracting Officer approval of the estimated amount and value of work or services performed, including payments for reaching milestones in any project:

(A) The due date for making such payments shall be 30 days after receipt of the payment request by the designated billing office. If the designated billing office fails to annotate the payment request with the actual date of receipt at the time of

receipt, the payment due date shall be the 30th day after the date of the Contractor's payment request, provided a proper payment request is received and there is no disagreement over quantity, quality, or Contractor compliance with contract requirements.

(B) The due date for payment of any amounts retained by the Contracting Officer in accordance with the clause at 52.232-5, Payments Under Fixed-Price Construction Contracts, shall be as specified in the contract or, if not specified, 30 days after approval for release to the Contractor by the Contracting Officer.

(ii) Final payments based on completion and acceptance of all work and presentation of release of all claims against the Government arising by virtue of the contract, and payments for partial deliveries that have been accepted by the Government (e.g., each separate building, public work, or other division of the contract for which the price is stated separately in the contract):

(A) The due date for making such payments shall be either the 30th day after receipt by the designated billing office of a proper invoice from the Contractor, or the 30th day after Government acceptance of the work or services completed by the Contractor, whichever is later. If the designated billing office fails to annotate the invoice with the date of actual receipt at the time of receipt, the invoice payment due date shall be the 30th day after the date of the Contractor's invoice, provided a proper invoice is received and there is no disagreement over quantity, quality, or Contractor compliance with contract requirements.

(B) On a final invoice where the payment amount is subject to contract settlement actions (e.g., release of claims), acceptance shall be deemed to have occurred on the effective date of the contract settlement.

(2) Contractor's invoice. The Contractor shall prepare and submit invoices to the designated billing office specified in the contract. A proper invoice must include the items listed in paragraphs (a)(2)(i) through (a)(2)(ix) of this clause. If the invoice does not comply with these requirements, it shall be returned within 7 days after the date the designated billing office received the invoice, with a statement of the reasons why it is not a proper invoice. Untimely notification will be taken into account in computing any

interest penalty owed the Contractor in the manner described in subparagraph (a)(4) of this clause.

(i) Name and address of the Contractor.

(ii) Invoice date. (The Contractor is encouraged to date invoices as close as possible to the date of mailing or transmission.)

(iii) Contract number or other authorization for work or services performed (including order number and contract line item number).

(iv) Description of work or services performed.

(v) Delivery and payment terms (e.g., prompt payment discount terms).

(vi) Name and address of Contractor official to whom payment is to be sent (must be the same as that in the contract or in a proper notice of assignment).

(vii) Name (where practicable), title, phone number, and mailing address of person to be notified in the event of a defective invoice.

(viii) For payments described in paragraph (a)(1)(i) of this clause, substantiation of the amounts requested and certification in accordance with the requirements of the clause at 52.232-5, Payments Under Fixed-Price Construction Contracts.

(ix) Any other information or documentation required by the contract.

(x) While not required, the Contractor is strongly encouraged to assign an identification number to each invoice.

(3) Interest penalty. An interest penalty shall be paid automatically by the designated payment office, without request from the Contractor, if payment is not made by the due date and the conditions listed in paragraphs (a)(3)(i) through (a)(3)(iii) of this clause are met, if applicable. However, when the due date falls on a Saturday, Sunday, or legal holiday when Federal Government offices are closed and Government business is not expected to be conducted, payment may be made on the following business day without incurring a late payment interest penalty.

(i) A proper invoice was received by the designated billing office.

(ii) A receiving report or other Government documentation authorizing payment was processed and there was no disagreement over quantity, quality, Contractor compliance with any contract term or condition, or requested progress payment amount.

(iii) In the case of a final invoice for any balance of funds due the Contractor for work or services performed, the amount was not

subject to further contract settlement actions between the Government and the Contractor.

(4) Computing penalty amount. The interest penalty shall be at the rate established by the Secretary of the Treasury under section 12 of the Contract Disputes Act of 1978 (41 U.S.C. 611) that is in effect on the day after the due date, except where the interest penalty is prescribed by other governmental authority (e.g., tariffs). This rate is referred to as the "Renegotiation Board Interest Rate," and it is published in the Federal Register semiannually on or about January 1 and July 1. The interest penalty shall accrue daily on the invoice principal payment amount approved by the Government until the payment date of such approved principal amount; and will be compounded in 30-day increments inclusive from the first day after the due date through the payment date. That is, interest accrued at the end of any 30-day period will be added to the approved invoice principal payment amount and will be subject to interest penalties if not paid in the succeeding 30-day period. If the designated billing office failed to notify the Contractor of a defective invoice within the periods prescribed in subparagraph (a)(2) of this clause, the due date on the corrected invoice will be adjusted by subtracting from such date the number of days taken beyond the prescribed notification of defects period. Any interest penalty owed the Contractor will be based on this adjusted due date. Adjustments will be made by the designated payment office for errors in calculating interest penalties.

(i) For the sole purpose of computing an interest penalty that might be due the Contractor for payments described in paragraph (a)(1)(ii) of this clause, Government acceptance or approval shall be deemed to have occurred constructively on the 7th day after the Contractor has completed the work or services in accordance with the terms and conditions of the contract. In the event that actual acceptance or approval occurs within the constructive acceptance or approval period, the determination of an interest penalty shall be based on the actual date of acceptance or approval. Constructive acceptance or constructive approval requirements do not apply if there is a disagreement over quantity, quality, or Contractor compliance with a contract provision. These requirements also do not compel Government officials to accept work or services, approve Contractor estimates, perform contract administration functions, or make payment prior to fulfilling their responsibilities.

(ii) The following periods of time will not be included in the determination of an interest penalty:

(A) The period taken to notify the Contractor of defects in invoices submitted to the Government, but this may not exceed 7 days.

(B) The period between the defects notice and resubmission of the corrected invoice by the Contractor.

(C) For incorrect electronic funds transfer (EFT) information, in accordance with the EFT clause of this contract.

(iii) Interest penalties will not continue to accrue after the filing of a claim for such penalties under the clause at 52.233-1, Disputes, or for more than 1 year. Interest penalties of less than $1 need not be paid.

(iv) Interest penalties are not required on payment delays due to disagreement between the Government and the Contractor over the payment amount or other issues involving contract compliance, or on amounts temporarily withheld or retained in accordance with the terms of the contract. Claims involving disputes, and any interest that may be payable, will be resolved in accordance with the clause at 52.233-1, Disputes.

(5) Prompt payment discounts. An interest penalty also shall be paid automatically by the designated payment office, without request from the Contractor, if a discount for prompt payment is taken improperly. The interest penalty will be calculated on the amount of discount taken for the period beginning with the first day after the end of the discount period through the date when the Contractor is paid.

(6) Additional interest penalty.

(i) If this contract was awarded on or after October 1, 1989, a penalty amount, calculated in accordance with subdivision (a)(6)(iii) of this clause, shall be paid in addition to the interest penalty amount if the Contractor--

(A) Is owed an interest penalty of $1 or more;

(B) Is not paid the interest penalty within 10 days after the date the invoice amount is paid; and

(C) Makes a written demand to the designated payment office for additional penalty payment, in accordance with subdivision (a)(6)(ii) of this clause, postmarked not later than 40 days after the date the invoice amount is paid.

(ii)(A) Contractors shall support written demands for additional penalty payments with the following data. No additional data shall be required. Contractors shall--

(1) Specifically assert that late payment interest is due under a specific invoice, and request payment of all overdue

late payment interest penalty and such additional penalty as may be required;

(2) Attach a copy of the invoice on which the unpaid late payment interest was due; and

(3) State that payment of the principal has been received, including the date of receipt.

(B) Demands must be postmarked on or before the 40th day after payment was made, except that--

(1) If the postmark is illegible or nonexistent, the demand must have been received and annotated with the date of receipt by the designated payment office on or before the 40th day after payment was made; or

(2) If the postmark is illegible or nonexistent and the designated payment office fails to make the required annotation, the demand's validity will be determined by the date the Contractor has placed on the demand; provided such date is no later than the 40th day after payment was made.

(iii)(A) The additional penalty shall be equal to 100 percent of any original late payment interest penalty, except--

(1) The additional penalty shall not exceed $5,000;

(2) The additional penalty shall never be less than $25; and

(3) No additional penalty is owed if the amount of the underlying interest penalty is less than $1.

(B) If the interest penalty ceases to accrue in accordance with the limits stated in subdivision (a)(4)(iii) of this clause, the amount of the additional penalty shall be calculated on the amount of interest penalty that would have accrued in the absence of these limits, subject to the overall limits on the additional penalty specified in subdivision (a)(6)(iii)(A) of this clause.

(C) For determining the maximum and minimum additional penalties, the test shall be the interest penalty due on each separate payment made for each separate contract. The maximum and minimum additional penalty shall not be based upon individual invoices unless the invoices are paid separately. Where payments are consolidated for disbursing purposes, the maximum and minimum additional penalty determination shall be made separately for each contract therein.

(D) The additional penalty does not apply to payments regulated by other Government regulations (e.g., payments under utility contracts subject to tariffs and regulation).

(b) Contract financing payments--

(1) Due dates for recurring financing payments. If this contract provides for contract financing, requests for payment shall be submitted to the designated billing office as specified in this contract or as directed by the Contracting Officer. Contract financing payments shall be made on the 30th day after receipt of a proper contract financing request by the designated billing office. In the event that an audit or other review of a specific financing request is required to ensure compliance with the terms and conditions of the contract, the designated payment office is not compelled to make payment by the due date specified.

(2) Due dates for other contract financing. For advance payments, loans, or other arrangements that do not involve recurring submissions of contract financing requests, payment shall be made in accordance with the corresponding contract terms or as directed by the Contracting Officer.

(3) Interest penalty not applicable. Contract financing payments shall not be assessed an interest penalty for payment delays.

(c) Subcontract clause requirements. The Contractor shall include in each subcontract for property or services (including a material supplier) for the purpose of performing this contract the following:

(1) Prompt payment for subcontractors. A payment clause that obligates the Contractor to pay the subcontractor for satisfactory performance under its subcontract not later than 7 days from receipt of payment out of such amounts as are paid to the Contractor under this contract.

(2) Interest for subcontractors. An interest penalty clause that obligates the Contractor to pay to the subcontractor an interest penalty for each payment not made in accordance with the payment clause--

(i) For the period beginning on the day after the required payment date and ending on the date on which payment of the amount due is made; and

(ii) Computed at the rate of interest established by the Secretary of the Treasury, and published in the Federal Register, for interest payments under section 12 of the Contract Disputes Act of 1978 (41 U.S.C. 611) in effect at the time the Contractor accrues the obligation to pay an interest penalty.

(3) Subcontractor clause flow down. A clause requiring each subcontractor to include a payment clause and an interest penalty clause conforming to the standards set forth in subparagraphs (c)(1) and (c)(2) of this clause in each of its subcontracts, and to require

each of its subcontractors to include such clauses in their subcontracts with each lower-tier subcontractor or supplier.

(d) Subcontract clause interpretation. The clauses required by paragraph (c) of this clause shall not be construed to impair the right of the Contractor or a subcontractor at any tier to negotiate, and to include in their subcontract, provisions that--

(1) Retainage permitted. Permit the Contractor or a subcontractor to retain (without cause) a specified percentage of each progress payment otherwise due to a subcontractor for satisfactory performance under the subcontract without incurring any obligation to pay a late payment interest penalty, in accordance with terms and conditions agreed to by the parties to the subcontract, giving such recognition as the parties deem appropriate to the ability of a subcontractor to furnish a performance bond and a payment bond;

(2) Withholding permitted. Permit the Contractor or subcontractor to make a determination that part or all of the subcontractor's request for payment may be withheld in accordance with the subcontract agreement; and

(3) Withholding requirements. Permit such withholding without incurring any obligation to pay a late payment penalty if--

(i) A notice conforming to the standards of paragraph (g) of this clause previously has been furnished to the subcontractor; and

(ii) A copy of any notice issued by a Contractor pursuant to subdivision (d)(3)(i) of this clause has been furnished to the Contracting Officer.

(e) Subcontractor withholding procedures. If a Contractor, after making a request for payment to the Government but before making a payment to a subcontractor for the subcontractor's performance covered by the payment request, discovers that all or a portion of the payment otherwise due such subcontractor is subject to withholding from the subcontractor in accordance with the subcontract agreement, then the Contractor shall--

(1) Subcontractor notice. Furnish to the subcontractor a notice conforming to the standards of paragraph (g) of this clause as soon as practicable upon ascertaining the cause giving rise to a withholding, but prior to the due date for subcontractor payment;

(2) Contracting Officer notice. Furnish to the Contracting Officer, as soon as practicable, a copy of the notice furnished to the subcontractor pursuant to subparagraph (e)(1) of this clause;

(3) Subcontractor progress payment reduction. Reduce the subcontractor's progress payment by an amount not to exceed the

amount specified in the notice of withholding furnished under subparagraph (e)(1) of this clause;

(4) Subsequent subcontractor payment. Pay the subcontractor as soon as practicable after the correction of the identified subcontract performance deficiency, and--

(i) Make such payment within--

(A) Seven days after correction of the identified subcontract performance deficiency (unless the funds therefor must be recovered from the Government because of a reduction under paragraph (e)(5)(i)) of this clause; or

(B) Seven days after the Contractor recovers such funds from the Government; or

(ii) Incur an obligation to pay a late payment interest penalty computed at the rate of interest established by the Secretary of the Treasury, and published in the Federal Register, for interest payments under section 12 of the Contracts Disputes Act of 1978 (41 U.S.C. 611) in effect at the time the Contractor accrues the obligation to pay an interest penalty;

(5) Notice to Contracting Officer. Notify the Contracting Officer upon--

(i) Reduction of the amount of any subsequent certified application for payment; or

(ii) Payment to the subcontractor of any withheld amounts of a progress payment, specifying--

(A) The amounts withheld under subparagraph (e)(1) of this clause; and

(B) The dates that such withholding began and ended; and

(6) Interest to Government. Be obligated to pay to the Government an amount equal to interest on the withheld payments (computed in the manner provided in 31 U.S.C. 3903(c)(1)), from the 8th day after receipt of the withheld amounts from the Government until--

(i) The day the identified subcontractor performance deficiency is corrected; or

(ii) The date that any subsequent payment is reduced under subdivision (e)(5)(i) of this clause.

(f) Third-party deficiency reports--

(1) Withholding from subcontractor. If a Contractor, after making payment to a first-tier subcontractor, receives from a supplier or subcontractor of the first-tier subcontractor (hereafter referred to as a "second-tier subcontractor") a written notice in accordance with section 2 of the Act of August 24, 1935 (40 U.S.C. 270b, Miller Act), asserting a deficiency in such first-tier subcontractor's performance

under the contract for which the Contractor may be ultimately liable, and the Contractor determines that all or a portion of future payments otherwise due such first-tier subcontractor is subject to withholding in accordance with the subcontract agreement, the Contractor may, without incurring an obligation to pay an interest penalty under subparagraph (e)(6) of this clause--

(i) Furnish to the first-tier subcontractor a notice conforming to the standards of paragraph (g) of this clause as soon as practicable upon making such determination; and

(ii) Withhold from the first-tier subcontractor's next available progress payment or payments an amount not to exceed the amount specified in the notice of withholding furnished under paragraph (f)(1)(i) of this clause.

(2) Subsequent payment or interest charge. As soon as practicable, but not later than 7 days after receipt of satisfactory written notification that the identified subcontract performance deficiency has been corrected, the Contractor shall--

(i) Pay the amount withheld under paragraph (f)(1)(ii) of this clause to such first-tier subcontractor; or

(ii) Incur an obligation to pay a late payment interest penalty to such first-tier subcontractor computed at the rate of interest established by the Secretary of the Treasury, and published in the Federal Register, for interest payments under section 12 of the Contracts Disputes Act of 1978 (41 U.S.C. 611) in effect at the time the Contractor accrues the obligation to pay an interest penalty.

(g) Written notice of subcontractor withholding. A written notice of any withholding shall be issued to a subcontractor (with a copy to the Contracting Officer of any such notice issued by the Contractor), specifying--

(1) The amount to be withheld;

(2) The specific causes for the withholding under the terms of the subcontract; and

(3) The remedial actions to be taken by the subcontractor in order to receive payment of the amounts withheld.

(h) Subcontractor payment entitlement. The Contractor may not request payment from the Government of any amount withheld or retained in accordance with paragraph (d) of this clause until such time as the Contractor has determined and certified to the Contracting Officer that the subcontractor is entitled to the payment of such amount.

(i) Prime-subcontractor disputes. A dispute between the Contractor and subcontractor relating to the amount or entitlement

of a subcontractor to a payment or a late payment interest penalty under a clause included in the subcontract pursuant to paragraph (c) of this clause does not constitute a dispute to which the United States is a party. The United States may not be interpleaded in any judicial or administrative proceeding involving such a dispute.

(j) Preservation of prime-subcontractor rights. Except as provided in paragraph (i) of this clause, this clause shall not limit or impair any contractual, administrative, or judicial remedies otherwise available to the Contractor or a subcontractor in the event of a dispute involving late payment or nonpayment by the Contractor or deficient subcontract performance or nonperformance by a subcontractor.

(k) Non-recourse for prime contractor interest penalty. The Contractor's obligation to pay an interest penalty to a subcontractor pursuant to the clauses included in a subcontract under paragraph (c) of this clause shall not be construed to be an obligation of the United States for such interest penalty. A cost-reimbursement claim may not include any amount for reimbursement of such interest penalty.

**1.25 PAYMENT BY ELECTRONIC FUNDS TRANSFER-CENTRAL CONTRACTOR REGISTRATION (FAR 52.232-33) (MAY 1999)**

(a) Method of payment. (1) All payments by the Government under this contract shall be made by electronic funds transfer (EFT), except as provided in paragraph (a)(2) or (b) of this clause. As used in this clause, the term EFT refers to the funds transfer and may also include the payment information transfer. (2) In the event the Government is unable to release one or more payments by EFT, the Contractor agrees to either-

(i) Accept payment by check or some other mutually agreeable method of payment; or

(ii) Request the Government to extend the payment due date until such time as the Government can make payment by EFT (but see paragraph (e) of this clause).

(b) Alternative contractor certification. If the Contractor certifies in writing, as part of its registration with the Central Contractor Registration (CCR) database (FAR 4.503), that it does not have an account with a financial institution and does not have an authorized payment agent, payment shall be made by check to the remittance address contained in the CCR database. All contractor certifications will expire on January 1, 1999.

(c) Contractor's EFT information. Except as provided in paragraph (b) of this clause, the Government shall make payment to the Contractor using the EFT information contained in the CCR

# CALCULATION OF PROMPT PAYMENT PENALTIES PURSUANT TO FAR 52.232-27(a)(6)(iii)(A)

| Invoice Amount Less Retainage | Invoice Received | Invoice Paid | Days of Interest | Interest Due |
|---|---|---|---|---|
| $81,322.85 | 5/23/02 | 7/31/02 | 39 | $456.36 |
| $33,329.23 | 6/25/02 | 8/9/02 | 9 | $71.85 |
| $17,447.28 | 7/22/02 | 9/17/02 | 27 | $67.50 |
| $18,630.00 | 8/21/02 | 10/9/02 | 19 | $50.73 |
| $102,712.00 | 9/22/02 | 11/8/02 | 16 | $236.32 |
| $9,856.98 | 10/22/02 | 4/7/03 | 82 | $104.80 |
| $17,137.98 | 12/20/02 | 4/7/03 | 67 | $153.87 |
| $48,331,71 | 1/22/03 | 4/28/03 | 67 | $377.99 |
| $74,492.91 | 3/31/03 | 6/19/03 | 50 | $434.10 |
| Total Interest Recognized by Contracting Officer | | | | $1,953.52[1] |
| Prompt Payment Penalties Due | | | | $1,953.52 |

[1] Grot's claim sought payment for the additional prompt payment penalties pursuant to Section 01001, General Conditions ¶1.23(a)(6)(iii). While the contracting officer recognized the prompt payment interest as reflected above, the contracting officer's final decision did not address the requested additional penalties.

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this the 2nd day of October 2007, I caused to be served electronically a copy of Plaintiff's Supplement to Plaintiff's Supplemental Appendix in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment Upon the Claims Transferred from the VABCA and Upon the Issue of Whether the Termination of the Contract for Default was Proper Pursuant to the Court's Order of September 22, 2007 to:

Joan M. Stentiford
Commercial Litigation Branch
Civil Division
United States Department of Justice
Classification Unit
Room 12038
1100 L Street, N.W.
Washington, DC 20530

This the 2nd day of October, 2007.

s/ Andrew J. Kilpatrick, Jr.
Andrew J. Kilpatrick, Jr.